1   **KAUFMAN DOLOWICH & VOLUCK LLP**
    Barry Z. Brodsky SBN 93565
2   Email: bbrodsky@kdvlaw.com
    Allyson K. Thompson SBN 235933
3   Email: athompson@kdvlaw.com
    Laura Birnbaum SBN
4   Email: lbirnbaum@kdvlaw.com
    21515 Hawthorne Blvd., Suite 450
5   Torrance, CA 90503-6531
    Telephone:   (310) 540-2000
6   Facsimile:   (310) 575-9720

7   Attorneys for Defendants
    EVENT MEDIC NY INC; JEFF
8   SAPERSTEIN

9

10                  **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12   ESME MUNOZ, an individual and on      )   Case No.
     behalf of all similarly situated      )
13   individuals,                          )
                                           )   **NOTICE OF REMOVAL
14                                         )   (DIVERSITY) OF CIVIL ACTION
                   Plaintiff,              )   TO UNITED STATES DISTRICT
15                                         )   COURT FOR THE CENTRAL
          vs.                              )   DISTRICT OF CALIFORNIA**
16                                         )
                                           )
17   EVENT MEDIC NY INC; JEFF              )   *[Originally Los Angeles County
     SAPERSTEIN, an individual; and        )   Superior Court Case No.
18   DOES 1-100 inclusive,                 )   22STCV07314*
                                           )
19                                         )   Complaint Filed:   March 1, 2022
                   Defendants.             )   Trial:             Not Yet Set
20                                         )

21

22   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23          **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441,

24   Event Medic NY, Inc. and Jeff Saperstein (collectively referred to as "Defendants"),

25   by and through its counsel of record, hereby removes to this Court the state court

26   action described below.

27   ///

28   ///

**JURISDICTION**

1.      Removal to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a).

2.      28 U.S.C. § 1441(a) provides in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.      28 U.S.C. § 1332 provides in pertinent part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different States. . . ."

4.      Accordingly, the above-entitled lawsuit is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**THE STATE COURT PLEADINGS**

5.      On March 1, 2022, Plaintiff Esme Munoz ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Esme Munoz v. Event Medic NY Inc. and Jeff Saperstein and DOES 1 through 100, inclusive, Defendants*, Case No. 22STCV07314 alleging PAGA and class action causes of action for: (1) failure to provide all earned minimum and overtime wages; (2) Violation of California Labor Code section 2802; (3) failure to provide meal break; (4) failure to provide rest breaks; (5) failure to provide lawful wage statements; (6) failure to pay wages upon ending employment; (7) violation of California's Unfair Competition statute B&P Section 17200 et. seq.; (8) wrongful

1    constructive termination; and (9) Recovery of Civil Penalties Under PAGA (the
2    "State Court Complaint"), a true copy of which is attached hereto as "Exhibit A."

3        6.    The State Court Complaint was served on Defendants on March 8,
4    2022 via personal service at the worksite.

5        7.    The State Court Complaint does not state a specific amount in
6    controversy. "[W]here a plaintiff's state court complaint does not specify a
7    particular amount of damages, the removing defendant bears the burden of
8    establishing, by a preponderance of the evidence, that the amount in controversy
9    exceeds $[75,000]. Under this burden, the defendant must provide evidence
10   establishing that it is "more likely than not" that the amount in controversy exceeds
11   that amount. *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 404 (9th
12   Cir.1996).

13       8.    Here, the amount in controversy exceeds the sum or value of $75,000,
14   exclusive of interest and costs.  In her Complaint, Plaintiff is seeking compensatory
15   damages, general and statutory damages on a class wide basis and by way of a
16   Private Attorney General Action ("PAGA")  (See State Court Complaint, pgs. 41-
17   43, Prayer, ¶¶ 5-13.)  The class members are defined as all "individuals currently
18   and/or formerly working for Defendants during the class period (March 1, 2018 to
19   the present) as EMT's and/or COVID Screeners in California and who Defendants
20   classified as independent contractors." (See State Court Complaint, pg. 3)

21       9.    At this preliminary stage, Defendant Event Medic estimates that the
22   class size will be approximately 100 or more class members.  In connection with the
23   claims being sought and taking into account the potential size of the class, it is
24   reasonable to conclude that Plaintiff will be seeking in excess of $75,000 for the
25   claims set forth herein, which includes claims of overtime, meal and rest breaks, and
26   statutory penalties allegedly owed due to misclassification.

27       10.   Plaintiff is also seeking PAGA penalties under Labor Code Section
28   2699 in the amount of $100 for each aggrieved employee per pay period for each

initial violation and $200 for each aggrieved employee per pay period for each subsequent violation and penalties under Code of Regulations Title 8 Section 11050 in the amount of $50 for each aggrieved employer per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation; and all other additional penalties and sums provided by the Labor Code (See State Complaint, pg. 40, ¶121)

11.    In addition, in considering whether the $75,000 amount in controversy threshold had reached, claims for attorneys' fees and punitive damages are also to be considered.  (See e.g., *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).) Plaintiff  will be seeking statutory attorneys' fees with respect to her statutory causes of action.  (State Court Complaint, p. 40, Prayer at ¶ 121.)  Here, where Plaintiff is asserting at least nine different causes which provide for the recovery of attorneys' fees, her claims for attorneys' fees alone would be expected to exceed the $75,000 amount in controversy threshold were she to prevail in this action.

12.    Plaintiff is seeking punitive damages with respect her eight cause of action.  (State Court Complaint, p. 43, ¶ 25) Here, where Plaintiff is seeking punitive damages with respect to the constructive discharge cause of action, her claims for punitive damages alone could exceed the $75,000 amount in controversy threshold were she to prevail in this action.  Therefore, it is "more probable than not," given Plaintiff's alleges compensatory, general and statutory damages, combined with her claim for attorneys' fees, that the amount in controversy exceeds $75,000.  (See e.g., *White v. FCI USA, Inc.*, *supra*, 319 F.3d at 674 [facially apparent from wrongful termination allegations, including lengthy list of compensatory damages and attorneys' fees, that removing defendant met his burden of showing amount in controversy exceeded $75,000]; see also, *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-377 (9th Cir. 1997), citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-1336 (5th Cir. 1995).

13.    Complete diversity of citizenship exists.  Plaintiff is a citizen of the State of California.  (State Court Complaint, p. 1, ¶ 1.)[1]  Event Medic NY Inc. is a New York corporation with a principal place of business located at 901 North Broadway, Massapequa, NY, 11758, which is Nassau County.  Defendant Jeffrey Saperstein in a resident of New York.

14.    Pursuant to 28 U.S.C. § 1441(a), the citizenship of the remaining fictitious party defendants shall be disregarded for purposes of removal.  See 28 U.S.C. § 1441(a).

15.    Defendants were personally served on March 8, 2022, with the State Court Complaint.

16.    As of the date of filing this Notice of Removal, no Proof of Service of the Summons has been filed, or at a minimum shows up on the Los Angeles Superior Court Register of Actions.

17.    A true and correct copy of this Notice of Removal is being filed with the Los Angeles County Superior Court and served on all parties of record pursuant to 28 U.S.C. § 1446(d).

## NOTICE OF REMOVAL IS TIMELY

18.    As described in Paragraphs 6 and 15 above, Defendants were served with the State Court Complaint on March 8, 2022.

19.    This Notice of Removal is timely, having been filed within thirty (30) days of first service of the Complaint and within one year of the date upon which the action was originally filed.  *See* 28 U.S.C. § 1446(b).

20.    Hence, removal to the District Court is proper because each of the requirements of 28 U.S.C. §§ 1332(a) and 1441(a) is satisfied.

---

[1]    The first two pages of Plaintiff's State Court Complaint are both labeled as page number 1.

NOTICE OF REMOVAL

1    WHEREFORE, Defendants hereby requests that this action now pending in

2  the Superior Court of the State of California for the County of Los Angeles be

3  removed directly to the United States District Court for the Central District of

4  California, and be assigned to the Western Division of the Central District of

5  California, as it was filed in Los Angeles County and, pursuant to 28 U.S.C. §

6  1441(a), removal to the "district and division embracing the place where such action

7  is pending" is appropriate.

8

9  Dated: April 5, 2022              KAUFMAN DOLOWICH & VOLUCK LLP

10

11

12                                By:    /s/ Allyson K. Thompson
                                         BARRY Z. BRODSKY
13                                       ALLYSON K. THOMPSON, ESQ.
                                         LAURA BIRNBAUM
14                                       Attorneys for Defendants
15                                       EVENT MEDIC NY, INC. and JEFFREY
                                         SAPERSTEIN
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A

22STCV07314
Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 10:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| --- | --- |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EVENT MEDIC NY INC; JEFF SAPERSTEIN, an individual; and DOES 1-100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESME MUNOZ, an individual and on behalf of all similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):*<br>22STCV07314 |
| --- | --- |

LOS ANGELES SUPERIOR COURT, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brent Rosenzweig, LEE & ROSENZWEIG, 1300 Eastman Avenue, Suite #106, Ventura, CA 93003, (805) 253-7740

| DATE: 03/01/2022<br>*(Fecha)* | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court , Deputy<br>*(Secretario)*  J. Covarrubias  *(Adjunto)* |
| --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Event Medic NY Inc
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
| --- | --- | --- |

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

22STCV07314

tronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 Assigned to Superior Court of California, County of Los Angeles Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias, Deputy Clerk

1 | Brent Rosenzweig (SBN 219071)
2 | Jong Lee (SBN 219810)
   | LEE & ROSENZWEIG
3 | 1300 Eastman Avenue, #106
   | Ventura, CA 93003
4 | Tel: (805) 253-7740
   | Fax:  (213) 402-6021
5 | Email: BRENT@LANDRLEGAL.COM

6 | Attorneys for Plaintiff
   | **ESME MUNOZ, as an individual**
7 | **and on behalf of all similarly**
   | **situated individuals**

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
11 | **FOR THE COUNTY OF LOS ANGELES**

12

| | |
|---|---|
| ESME MUNOZ, an individual and on behalf of all similarly situated individuals, | Case No.: 22STCV07314 |
| | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON: |
| Plaintiff, | |
| vs. | 1. FAILURE TO PROVIDE ALL EARNED MINIMUM AND OVERTIME WAGES; |
| EVENT MEDIC NY INC; JEFF SAPERSTEIN, an individual; and DOES 1-100 inclusive, | 2. VIOLATION OF CALIFORNIA LABOR CODE SECTION 2802; 3. FAILURE TO PROVIDE MEAL BREAKS; |
| | 4. FAILURE TO PROVIDE REST BREAKS |
| Defendants. | 5. FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS; |
| | 6. FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT; |
| | 7. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION STATUTE [Bus.& Prof. Code Section 17200, et. seq.] |
| | 8. WRONGFUL CONSTRUCTIVE TERMINATION |
| | 9. RECOVERY OF CIVIL PENALTIES UNDER PAGA |

1

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    Plaintiff ESME MUNOZ (hereinafter "Plaintiff" or "MUNOZ"), an individual

2   and on behalf of all similarly situated individuals, hereby complains as follows:

3                              **INTRODUCTION**

4         1.      This combined class and California Private Attorneys General Act

5   (hereinafter "PAGA") enforcement action is brought against Defendant EVENT

6   MEDIC NY INC, (hereinafter "EVENT MEDIC" or "Defendant"), (a National

7
    provider of professional and experienced paramedics, emergency medical
8
    technicians (EMTs), emergency medical doctors and other medical and safety
9
10  personnel for events, concerts, work sites, and movie and tv production sets), and

11  its President JEFF SAPERSTEIN (hereinafter "SAPERSTEIN" or Defendant),

12  (collectively "Defendants"), for engaging in a pattern and practice of willfully

13  misclassifying their California workers including Plaintiff, as independent

14
    contractors instead of affording them their true status as employees, thus denying
15
16  these workers the basic wage and hour rights and protections guaranteed to

17  employees by the California Labor Code and the IWC's applicable Wage Order.

18        2.      The result of Defendants' misclassification scheme is that Plaintiff

19  and other similarly situated workers were, and are, routinely denied payment of all

20  earned wages, (including overtime and meal and rest wages), and denied

21  reimbursement of their work-related expenses.   Instead, Defendants have taken
22
    such wages owed to Plaintiff and other similarly situated workers, and unlawfully
23
24  converted the funds for Defendants' own use and benefit in order to maximize

25  profits and gain and unfair business advantage over their competitors.   By their

26  unlawful misclassification scheme, Defendants also evaded their obligations to

27  provide Worker's Compensation protection to Plaintiff and similarly situated

28

                                        2

1  workers.

2      3.      Defendants' acts and omissions, as described herein, violate

3  provisions of the California Labor Code, including but not limited to sections 201,

4  202, 204, 226, 226.7, 226.8, 432.5, 512, 1194, 1197, and 2802.

5      4.      Plaintiff, individually and on behalf of the class of similarly situated

6  individuals she seeks to represent ("Plaintiff Class" or "Class Members"), seeks

7
   relief against Defendants for (1) willfully misclassifying Plaintiff and Plaintiff Class
8
9  as independent contractors in violation of California Labor Code Section 226.8; (2)

10  the failure to pay all wages due in accordance with Labor Code Sections 510, 1194,

11  and 1197, as well as California Code of Regulations, Title 8, Section 11040(3), (5),

12  including minimum, regular, and overtime wages; (3) the failure to provide meal

13  and rest periods or compensation in lieu thereof pursuant to Labor Code Section
14
   226.7, 512, and 8 CCR Section 11040(11); (4) failure to reimburse business
15
16  expenses in violation of Labor Code Section 2802 and 8 CCR sec. 11040(9); (5) the

17  failure to pay wages of terminated or resigned employees pursuant to Labor Code

18  Sections 201-203; and (6) the failure to provide accurate itemized wage statements

19  upon payment of wages pursuant to Labor Code Section 226(a), 1174, and 1175.

20      5.      Class members consist of all individuals currently and/or formerly

21  working for Defendants during the Class Period as EMTs and/or Covid Screeners

22  in California and who Defendants classified as independent contractors.  The term
23
   "Class Period" is defined as four (4) years prior to the filing of the Complaint
24
25  through the date of certification.  Plaintiff reserves the right to amend this

26  Complaint to reflect a different "Class Period" as further discovery is conducted.

27      6.      Plaintiff further seeks equitable remedies in the form of declaratory

28

3

relief and injunctive relief, and under Business and Professions Code Section 17200 et seq. for unfair business practices.

7.    At all times relevant herein, Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants.   Defendants have consistently maintained and enforced against Class Members the following unlawful practices and policies:

(a)    Willfully misclassifying Plaintiff and the Plaintiff Class as independent contractors;

(b)    Willfully refusing to pay Plaintiff and Plaintiff Class for all hour worked, including minimum, regular, and overtime;

(c)    Willfully refusing to permit Plaintiff and Plaintiff Class from taking legally compliant meal and rest breaks or compensation in lieu thereof

(d)    Willfully failing to reimburse business related expenses

(e)    Willfully refusing to furnish to Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages

(f)    Willfully refusing to compensate Plaintiff and Plaintiff Class wages due and owing at the time of Plaintiff and Plaintiff Class' employment with Defendant ended;

## JURISDICTION AND VENUE

8.    Venue is proper in this Judicial district and the County of Los Angeles because Defendants maintain one or more locations in this county, transact business in this county, Plaintiff has performed work for Defendants in

4

1  this county, and the obligations and liability arise in this county, making the

2  subject of this action in the County of Los Angeles, California.

3        9.    The wages, statutory penalties, monetary damages, and restitution

4  sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court

5  and will be established according to proof at trial. This Court has jurisdiction over

6  this action pursuant to California Constitution, Article VI, section 10. The statutes

7
8  under which this action is brought do not specify any other basis for jurisdiction.

9        10.    The California Superior Court has jurisdiction in the matter because

10  the Class Claim is under the five million dollars ($5,000,000) aggregated

11  jurisdictional threshold for Federal Court. Further, there is no federal question at

12  issue as the issues herein are based solely on California Statutes and law including

13  the California Labor Code, Industrial Welfare Commission Wage Orders, Code of

14  Civil Procedure, Rules of Court, and Business and Professions Code.

15
16                        **ADMINISTRATIVE REMEDIES**

17        11.    Prior to filing this complaint, on November 9, 2021, Plaintiff gave

18  written notice to the Labor and Workforce Development Agency ("LWDA") and to

19  Defendants of the specific provisions alleged to have been violated, including facts

20  and theories to support the alleged violations as required by the California Private

21  Attorneys General Act ("PAGA") and California Labor Code Section 2699.3.

22
23  Attached hereto as Exhibit "1" is a true and correct copy of the November 9, 2021

24  written notice sent to the LWDA and Defendants.

25        12.    The statutory waiting period having passed on January 13, 2022

26  without further action by the LWDA, Plaintiff can proceed with pursuing a cause of

27  action under PAGA, seeking civil penalties on behalf of herself and similarly

28

1  situated individuals as a result of Defendants' Labor Code violations described

2  herein.

3  ## THE PARTIES

4      13.    At all times herein mentioned, Plaintiff ESME MUNOZ (hereinafter

5  "Plaintiff") was and currently is a resident of the County of Ventura, State of

6  California.  Plaintiff started performing services for Defendants in March 2019.

7
8  From March 2019 to on or about August 2020, Plaintiff worked for Defendants as

9  an EMT at various work sites throughout Southern California.   Then from August

10  2020 to November 2021, Plaintiff worked for Defendants as an EMT/Covid-19

11  Screener at a Michael Kors warehouse at 3777 Workman Mills Road, Whittier, CA,

12  5-6 days a week, 12-14 hours a day.

13      14.    At all relevant times herein, Plaintiff was misclassified by Defendants

14  during the defined Class Period as an independent contractor.  Each of the putative

15
16  Class Members is an identifiable, current, and/or formerly situated person who

17  worked for Defendants as an EMT and/or a Covid-19 Screener and was

18  misclassified as an independent contractor in California for Defendants during the

19  defined Class Period.

20      15.    Plaintiff is informed and believes that Defendant EVENT MEDIC is

21  and was a Corporation in good standing doing business in California.

22      16.    Plaintiff is informed and believes that Defendant SAPERSTEIN is

23
24  and was the President of Defendant EVENT MEDIC at all relevant times.   Plaintiff

25  alleges that Defendant SAPERSTEIN exercised control over the day-to-day work of

26  Plaintiff and Plaintiff Class, had control over their hours of work and pay, and was

27  responsible for the compliance with the California Labor Code.   Plaintiff alleges

28

6

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

that SAPERSTEIN formulated, implemented, and enforced on behalf of EVENT MEDIC, the illegal wage and hour policies and practices which gave rise to the violations described herein.   SAPERSTEIN is therefore personally, jointly, and severally liable for the wage and hour violated alleged herein under California Labor Codes Section 558 and 558.1

17.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names.  The Plaintiff is informed and believes that each of the DOE defendants are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

18.    Plaintiff is informed and believes, and thereon alleges, that the managerial or supervisorial employees described herein and the DOE Defendants, and the other employees, and each of them, were the agents, servants and employees of each of the defendant entities named herein, and in doing the things herein alleged, were acting in a managerial or supervisory capacity within the scope of their authority or, if said conduct was outside of their authority, said conduct was known to, authorized and ratified by the other defendants.

### GENERAL ALLEGATIONS

### (Against All Named Defendants)

19.    Pursuant to California Labor Code Section 226.8 it is unlawful for any person or employer to engage in any of the following activities (1) Willful

7

1  misclassification of an individual as an independent contractor and (2) Charging an

2  individual who has been willfully misclassified as an independent contractor a fee,

3  or making any deductions from compensation, for any purpose, including for

4  goods, materials, space rental, services, government licenses, repairs, equipment

5  maintenance, or fines arising from the individual's employment where any of the

6  acts described in this paragraph would have violated the law if the individual had

7  not been misclassified.

8

9      20.    In *Dynamex Operations West, Inc v. Superior Court of Los Angeles*,

10  (2018) 4 Cal 5th 903, 964, the California Supreme Court ruled that a worker should

11  be considered an employee and a hiring business an employer unless the hiring

12  business:

13      "[E]stablishes (A) that the worker is free from the control and direction
       of the hiring entity in connection with the performance of the work,
14     both under the contract for the performance of the work and in fact,
       (B) that the worker performs work that is outside the usual course of the
15     hiring entity's business, and (C) that the worker is customarily engaged in
       an independently established trade, occupation, or business, under the
16     suffer or permit to work standard in wage orders." "The hiring entity's
       failure to prove any one of these three prerequisites will be sufficient in
17     itself to establish that the worker is an included employee, rather than an
       excluded independent contractor, for purposes of the wage order."
18

19

20      21.    California Labor Code Section 1194 provides that notwithstanding any

21  agreement to work for a lesser wage, an employee receiving less than the legal

22  overtime is entitled to recover in a civil action the unpaid balance of their overtime

23  compensation, including interest thereon, reasonable attorneys' fees and costs of

24  suit.

25      22.    Further, Business and Professions Code Section 17203 provides that

26  any person who engages in unfair competition may be enjoined in any court of

27  competent jurisdiction.  Business and Professions Code Section 17204 provides that

28

8

1  any person who has suffered actual injury and has lost money or property as a result

2  of the unfair competition may bring an action in a court of competent jurisdiction.

3      23.    During all, or a portion of the Class Period, Plaintiff and each member

4  of the putative Plaintiff Class worked for Defendants in the State of California.

5      24.    Plaintiff and Class Members were misclassified as independent

6  contractors during their employment with Defendants, but were in reality non-

7  exempt employees covered under one or more Industrial Welfare Commission

8  ("IWC") Wage Order(s), Labor Code Section 510, and/or other applicable Wage

9  Orders, regulations and statutes, which imposed obligations on the part of

10  Defendants to pay Plaintiff and Class Members lawful overtime compensation.

11

12      25.    Plaintiff and Plaintiff Class were also covered by one or more IWC

13  Wage Order(s), and Labor Code Section 512, 226.7 and other applicable Wage

14  Orders, regulations and statutes which imposed an obligation on the part of

15  Defendants to pay Plaintiff and Plaintiff Class meal and rest period compensation.

16

17      26.    Additionally, Plaintiff and Plaintiff Class were covered by one or more

18  IWC Wage Order(s), and Labor Code Section 2802 and other applicable Wage

19  Orders, regulations, and statutes which require Defendants to reimburse business

20  expenses incurred by Plaintiff and Plaintiff Class.

21      27.    During the Class Period, Defendants were obligated to pay Plaintiff

22  and Class Members overtime compensation for all hours worked in excess of eight

23  (8) hours of work in a day, forty (40) hours in a week, and double-time compensation

24  for hours worked in excess of twelve (12) hours in a day.   However, Defendants did

25  not pay Plaintiff and Plaintiff Class proper overtime and/or double time rates for

26

27  overtime hours worked.

28

9

28.     During the Class Period, Defendants were obligated to provide Plaintiff and putative Class Members with a thirty (30) minute uninterrupted meal period for every five (5) hours worked.   However, Defendants failed to provide Plaintiff and Plaintiff Class with legally compliant meal breaks.   Plaintiff and Plaintiff Class regularly and frequently received untimely or interrupted meal periods or did not receive them not at all, due to the lack of adequate relief coverage and/or Defendants' misclassification of Plaintiff and Plaintiff Class as independent contractors.

29.     During the Class Period, Defendants were obligated to provide Plaintiff and putative Class Members with a reasonable opportunity to take uninterrupted paid rest breaks of at least ten (10) consecutive uninterrupted minutes for every 3.5 hours or major fraction.   Plaintiff and Plaintiff Class regularly and frequently received untimely or interrupted meal periods or did not receive them not at all, due to the lack of adequate relief coverage and/or Defendants' misclassification of Plaintiff and Plaintiff Class as independent contractors.   Defendants enforced policies and practices that prevented Plaintiff and Plaintiff Class of their right to take and/or to permit a reasonable opportunity to take timely rest breaks.

30.     Even though Plaintiff and Plaintiff Class were prevented from taking legally compliant meal and rest periods, Defendants failed to provide them with premium pay for the applicable missed, untimely or interrupted meal or rest period.

31.     Defendants further failed and/or refused to schedule Plaintiff and Plaintiff Class during the Class Period so as to reasonably ensure they took timely meal periods within the statutory time frame as required by law.

32.     Defendants further failed to reimburse Plaintiff and Plaintiff Class

10

for all of their work related expenses.  Defendants required Plaintiff and Plaintiff Class to purchase Defendant branded shirts and medical bags in violation of Labor Code Section 2802 and 8 CCR Sec 11040(9).

33.    Plaintiff and those Plaintiff Class Members who ended their employment with Defendants during the Class Period but were not timely paid their overtime wages and wages in the form of unpaid meal and rest period premiums, were not paid by Defendants all wages owed upon the termination of their employment as required by Labor Code sections 201-203, and are entitled to penalties as provided by Labor Code Section 203.

34.    As a result of Defendants' failure to provide Plaintiff and Class Members with itemized wage statements indicating: (1) the number of hours worked per pay period, including overtime hours; and (2) the correct amount of wages owed, including regular and overtime hours, Defendants failed to provide Plaintiff and Plaintiff Class with accurate itemized wage statements, in violation of Labor Code Section 226.

35.    During the Class Period, Defendants were obligated to keep and maintain accurate payroll records for Plaintiff and all Class Members. Defendants' failure to keep and maintain said records as described above, constitutes violations of Labor Code Section 226 and 1174, thereby incurring statutory penalties.

36.    Defendant SAPERSTEIN exercised control over the day-to-day work of Plaintiff and Plaintiff Class, and had control over their hours of work and pay and was responsible for the compliance with the California Labor Code.   Plaintiff alleges that SAPERSTEIN formulated, implemented, and enforced on behalf of

11

EVENT MEDIC, the illegal wage and hour policies and practices which gave rise to the violations described herein.   SAPERSTEIN is therefore personally, jointly, and severally liable for the wage and hour violated alleged herein under California Labor Codes Section 558 and 558.1

## **CLASS ALLEGATIONS**

37.    Plaintiff brings this action on behalf of herself and all other similarly situated persons ("Plaintiff Class"), as a class action pursuant to California Code of Civil Procedure section 382.   The Plaintiff Class is composed of and defined as follows:   All persons who worked or having been working for Defendants as an EMT and/or a Covid-19 Screener in the State of California who Defendants classified as an independent contractor, within the four (4) years of the filing of this Complaint until the date of judgment.

38.    Plaintiff further proposes the following subclasses:

a.    All persons who worked or having been working for Defendants as an EMT and/or a Covid-19 Screener in the State of California, and who, within the four (4) years of the filing of this Complaint to the present, were misclassified as independent contractors, but were in fact non-exempt, hourly employees, and were not paid all wages owed, including but not limited to the legally requisite regular time rate, minimum wage rate, overtime rate and/or double-time rate;

b.    All persons who worked or having been working for Defendants as an EMT and/or a Covid-19 Screener in the State of California, and who, within the four (4) years of the filing of this Complaint

12

to the present, were misclassified as independent contractors, but

were in fact non-exempt, hourly employees and have not been

provided a duty-free, thirty minute meal period every five (5)

hours worked and were not provided compensation of one (1)

hour's pay for each day on which such meal period(s) was not

provided.

c.     All persons who worked or having been working for Defendants

as an EMT and/or a Covid-19 Screener in the State of

California, and who, within the three (3) years of the filing of this

Complaint to the present, were misclassified as independent

contractors and have not been paid wages pursuant to Labor

Code Section 203 and are owed restitution and waiting time

penalties and unpaid wages;

d.     All persons who worked or having been working for Defendants

as an EMT and/or a Covid-19 in the State of California, and who,

within the three (3) years of the filing of this Complaint to the

present, were misclassified as independent contractors and

incurred business-related expenses which were not reimbursed

by Defendants;

e.     All persons who worked or having been working for Defendants

as an EMT and/or a Covid-19 Screener employed in the State of

California, and who, within the three (3) years of the filing of this

Complaint to the present, were misclassified as independent

contractors and were not provided an accurate payroll record or

13

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

wage statement

as required under Labor Code Sections 226 and 1174;

f.   All persons who worked or having been working for Defendants as an EMT and/or a Covid 19 Screener in the State of California, and who, within the four (4) years of the filing of this Complaint to the present, were misclassified as independent contractors, but were in fact non-exempt, hourly employees and for whom Defendants failed to keep accurate payroll records; and

g.   All persons who worked or having been working for Defendants as an EMT and/or a Covid 19 in the State of California, and who, within the four (4) years of the filing of this Complaint to the present, were misclassified as independent contractors, but were in fact non-exempt, hourly employees and and were subjected to unlawful and unfair business practices within the meaning of California's Unfair Competition Law and who suffered injury, including lost money, as a result of Defendants' unlawful and unfair business practices;

39.   Plaintiff reserves the right under Rule 1855, subdivision (b) of the California Rules of Court, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

40.   This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure Section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the Court.

14

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

41.     This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure section 382 because:

(a)     The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

(c)     The Plaintiff Class is so numerous that it is impractical to bring all members of the Plaintiff Class before this Court;

(d)     Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the Plaintiff Class;

(f)     There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

(g)     Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

(1)     Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish

15

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

incompatible standard of conduct for the Defendants; and/or

(2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant(s); and

(h)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## INDIVIDUAL ALLEGATIONS

42.    From March 2019 to on or about August 2020, Plaintiff worked for Defendants as an EMT at various work sites throughout Southern California. Then from August 2020 to November 2021, Plaintiff worked for Defendants as an EMT/Covid-19 Screener at a Michael Kors' warehouse at 3777 Workman Mills Road, Whittier, CA, 5-6 days a week, 12-14 hours a day.

43.    Throughout Plaintiff's employment with Defendants, Defendants controlled and directed or had the right to control and direct Plaintiff's work. Further, Plaintiff was not "customarily engaged in an independently established trade, occupation, or business." Therefore, although Plaintiff was classified as an independent contractor, she was in fact an employee of Defendant.

44.    As a result of misclassifying Plaintiff as an independent contractor, Defendant denied Plaintiff overtime wages for the hours she worked over 8 in a

16

day or 40 in a week.   Defendant also failed to provide Plaintiff with the opportunity to take meal and rest breaks in accordance with the California Labor Code.  Defendant also failed to reimburse Plaintiff for all of her work-related expenses, including charging her for EVENT MEDIC branded t-shirts and a medical bag.

45.     On or about November 26, 2021, Plaintiff submitted her resignation to Defendants.   In her resignation email, Plaintiff informed Defendants that she was quitting her job with Defendants "due to the long hours with no compensation for overtime and inconsistent and inadequate breaks that do not adhere to California law."

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL EARNED MINIMUM AND OVERTIME WAGES

## (Plaintiff and Plaintiff Class Members Against Defendants Event Medic NY Inc, Jeff Saperstein, and Does 1-100)

46.     Plaintiff and Plaintiff Class reallege the information set forth in Paragraphs 1-45 above, as though fully set forth and alleged herein.

47.     Plaintiff and Plaintiff Class members regularly worked in excess of eight (8) hours per day and forty (40) hours in a week.  However, Defendants failed to pay Plaintiff and Plaintiff Class members overtime premium for hours worked in excess of eight (8) hours in day or after eight hours on the seventh consecutive day of work.

48.     Therefore, Plaintiff and Plaintiff Class hereby bring this cause of action against Defendants under the following laws for the following reasons:

a.     California Labor Code Section 1194 because Defendants failed to pay

17

1   Plaintiff and Plaintiff Class for all hours worked, including overtime compensation;

2         b.      California Labor Code Section 1194(a) allowing employees who are

3   paid less than the legal overtime compensation or minimum wage to recover, in a

4   civil action, the unpaid balance of the full amount of the overtime compensation or

5   wages due along with any attorney fees and costs;

6         c.      California Labor Code Section 1194.2(a) which states that: "In any

7   action to recover wages because of the payment of a wage less than the minimum

8   wage fixed by an order of the commission or by statute, an employee shall be

9   entitled to recover liquidated damages in an amount equal to the wages unlawfully

10  unpaid and interest thereon.";

11

12        d.      those provisions of the California Labor Code regulating working hours

13  and overtime pay including California Labor Code Section 510 requiring daily

14  overtime at one and a half the employee's normal rate for work over 8 hours in a day,

15  and over 40 hours in a week, and the civil penalties allowed under Section 558 for a

16  violation of Section 510 for those times during Plaintiff's and Plaintiff Class'

17  employment in which Plaintiff and Plaintiff Class were not paid overtime at time and

18  one half for hours worked in excess of 8 hours in a single day, and those times they

19  were not paid double time for hours they worked in excess of 12 hours in a single day;

20

21        e.      Labor Code Section 558.1(a), which states that "Any employer or other

22  person acting on behalf of an employer, who violates, or causes to be violated, any

23  provision regulating minimum wages or hours and days of work in any order of the

24  Industrial Welfare Commission, or violates, or causes to be violated, Sections 203,

25  226, 1194, may be held liable as the employer for such violation;

26

27        f.      Labor Code Section 558.1(b) which defines the term "other person

28

18

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   acting on behalf of an employer as a natural person who is an owner, director, officer,

2   or managing agent of the employer, and the term managing agent as having the same

3   meaning as in subdivision (b) of Section 3294 of the Civil Code;

4         g.    for penalties under California Labor Code Section 558 which states

5   that any employer or *any other person acting on behalf of an employer* who

6   violates or causes to be violated, any provision of Chapter 1 to Part 2 of the

7   California Labor Code (Section 500 et. seq.) or any provision regulating the hours

8   and days of work in any order of the Industrial Welfare Commission shall be

9   subject to civil penalties.  Plaintiff is informed and believes that Defendants

10  violated or caused to be violated California Labor Code Sections 510, 515.5, 551 and

11  552 when Defendants required Plaintiff and Plaintiff Class to work more than 8

12  hours in a day, and more than 40 hours in a week, without being paid overtime

13  wages, i.e. time and a half or double time;

14        h.    for Labor Code Section 218.6 relief for interest on Plaintiff's and

15  Plaintiff's Class' unpaid wages due; and

16        i.    for recovery of costs and attorney fees pursuant to Labor Code

17  section 218.5 for relief associated with Plaintiff's prosecution of this cause of action

18  under California Labor Code Sections 200, et seq.

19        49.    Defendant JEFF SAPERSTEIN is liable as a person acting on behalf

20  of an employer for failure to pay all minimum and overtime wages due in

21  compliance with Labor Code Section 1194 pursuant to Labor Code Section 558.1,

22  which provides that any "employer," and any "*other person* acting on behalf of an

23  employer, who violates, or caused to be violated" any of the wage and hour

24  statutes, including Labor Code Sections 203, 226, 226.7, 1193.6, 1194, or 2802,

1    may share liability.

2                    **SECOND CAUSE OF ACTION**

3        **VIOLATION OF CALIFORNIA LABOR CODE SECTION 2802**

4    **(Plaintiff and Plaintiff Class Members Against Defendants Event Medic**

5                **NY Inc, Jeff Saperstein, and Does 1-100)**

6        50.    Plaintiff and Plaintiff Class reallege the information set forth in

7
     Paragraphs 49 above, as though fully set forth and alleged herein.
8

9        51.    Labor Code Section 2802 requires employers to indemnify

10   employees for any expenses incurred as a direct consequence of employment or at

11   the direction of the employer.

12       52.    IWC Wage Order 4-2001, section 9(A) provides: "When uniforms

13   are required by the employer to be worn by the employee as a condition of

14
     employment, such uniforms shall be provided and maintained by the employer.
15
16   The term 'uniform' includes wearing apparel and accessories of distinctive design

17   and color."

18       53.    During Plaintiff's and Plaintiff Class's employment with Defendants,

19   Defendants failed to reimburse Plaintiff and Plaintiff Class for their work-related

20   expenses.   Specifically, Defendants required Plaintiff and Plaintiff Class to

21   purchase medical bags and t-shirts with Defendants' logo on them for work

22
     without reimbursement.  Accordingly, Plaintiff contends that California Labor
23
24   Code Section 2802 was violated.

25       54.    Plaintiff and Plaintiff Class also seek interest on the amount owed to

26   them plus attorney fees pursuant to Labor Code Section 2802(b) & (c).

27       55.    Defendant SAPERSTEIN is liable as a person acting on behalf of an

28

                                    20

     CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

employer for failure to reimburse Plaintiff and other aggrieved employees for all work related expenses in compliance with Labor Code Section 2802 pursuant to Labor Code § 558.1, which provides that any "employer," and any *other person acting on behalf of an employer, who violates, or caused to be violated"* any of the wage and hour statutes, including Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may share liability.

**THIRD CAUSE OF ACTION FOR**

**FAILURE TO PROVIDE LAWFUL MEAL BREAKS**

**(Plaintiff and Plaintiff Class Members Against Defendants Event Medic**

**NY Inc, Jeff Saperstein, and Does 1-100)**

56.     Plaintiff and Plaintiff Class realleges the information set forth in Paragraphs 1-55 above, as though fully set forth and alleged herein.

57.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked shifts of more than five (5) hours and/or exceeding ten (10) hours in a workday.

58.     Pursuant to Labor Code §§ 1197-1198 and the IWC Wage Orders No. 5-2001, Plaintiff and Plaintiff Class were not exempt managerial, administrative, or professional employees.

59.     California Labor Code Section 512 and California Code of Regulations, Title 8 Section 1180(11) provides that employers authorize and permit all employees to take meal periods of at least thirty (30) duty-free minutes commencing no later than at the end of the fifth (5th) hour of work, when the work shift exceeds five (5) hours and a second thirty-minute, duty free meal period during shifts exceeding ten (10) hours.

60.     California Labor Code Section 226.7(b) provides that if an employer

21

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

fails to provide an employee meal periods in accordance with Labor Code section 512 and/or 8 CCR Section 11180(11), the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in a compliant manner.

61.    During the Class Period, Defendants were obligated to provide Plaintiff and Plaintiff Class with a thirty (30) minute, duty free meal period for every five hours worked.   At all relevant times herein, Defendants enforced policies and practices that did not permit Plaintiff and Plaintiff Class a reasonable opportunity to take uninterrupted duty-free meal breaks of a minimum of 30-minutes for every five hours worked in violation of Labor Code § 226.7.

62.    Defendants knew or should have known that Plaintiff and Plaintiff Class were working daily without receiving duty free meal breaks every five (5) hours worked and were not compensated for that time.

63.    Defendants' failure to compensate Plaintiff and Plaintiff Class for meal breaks were ordered, authorized, approved, or ratified, to deprive Plaintiff and Plaintiff Class of wages they were entitled to under California law so as to increase their profits, notwithstanding Defendants' statutory obligations.

64.    Defendant SAPERSTEIN is liable as a person acting on behalf of an employer for failure to provide rest breaks pursuant to Labor Code § 558.1, which provides that any "employer," and any "*other person* acting on behalf of an employer, who violates, or caused to be violated" any of the wage and hour statutes, including Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may share liability.

65.    Plaintiff and Plaintiff Class have been damaged by Defendants'

22

intentional and knowing refusal to compensate them for work performed during their meal breaks. Therefore, Plaintiff and Plaintiff Class seek damages equal to one hour of wages per each missed break in a sum to be proven at trial under both Labor Code § 226.7 and IWC Wage Orders.

66.    By virtue of the Defendants' unlawful failure to provide legally compliant meal periods to Plaintiff and Plaintiff Class as a result of their non-compliant scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

67.    Plaintiff and Plaintiff Class request recovery of meal period compensation pursuant to Labor Code Section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or any other statute and/or regulation.

**FOURTH CAUSE OF ACTION FOR**

**FAILURE TO PROVIDE LAWFUL REST BREAKS**

**(Plaintiff and Plaintiff Class Members Against Defendants Event Medic**

**NY Inc, Jeff Saperstein, and Does 1-100)**

68.    Plaintiff and Plaintiff Class realleges the information set forth in Paragraphs 1-67 above, as though fully set forth and alleged herein.

69.    At all times relevant hereto, Plaintiff and Plaintiff Class worked shifts of four (4) hours or more in a workday.

70.    Despite being misclassified as independent contractors, pursuant to

23

1  Labor Code §§ 1197-1198 and the IWC Wage Orders No. 5-2001, Plaintiff and

2  Plaintiff Class were not exempt managerial, administrative, or professional

3  employees.

4      71.    California Labor Code Section 226.7 and California Code of

5  Regulations, Title 8, Section 11150(12) provides that employers authorize and

6  permit all employees to take rest periods at the rate of ten (10) minutes per four

7  (4) hours worked.

8

9      72.    California Labor Code Section 226.7(b) provides that if an employer

10 fails to provide an employee rest periods in accordance with this section, the

11 employer shall pay the employee one (1) hour of pay at the employee's regular rate

12 of compensation for each workday that the rest period is not provided.

13     73.    At all relevant times herein, Defendants enforced policies and

14 practices that prevented Plaintiff and Plaintiff Class of their right to and/or to

15 permit a reasonable opportunity to take uninterrupted paid rest breaks of at least

16 ten (10) consecutive uninterrupted minutes for every 3.5 hours or major fraction

17 thereof, each workday in violation of Labor Code § 226.7.  By and through their

18 actions, Defendants intentionally and improperly denied rest periods to the

19 Plaintiff and Plaintiff Class in violation of Labor Code Sections 226.7 and 8 CCR

20 Section 11050, subdivision (12).

21     74.    Defendants knew or should have known that Plaintiff and Plaintiff

22 Class were working without rest breaks and were not compensated for that time.

23 Defendants' failure to compensate Plaintiff and Plaintiff Class for such breaks was

24 ordered, authorized, approved, or ratified, to deprive Plaintiff and Plaintiff Class

25 of wages they were entitled to under California law so as to increase their profits,

26

27

28

24

notwithstanding Defendants' statutory obligations.

75.    By virtue of the Defendants' unlawful failure to provide legally compliant rest periods to Plaintiff and Plaintiff Class as a result of their non-compliant scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

76.    Plaintiff and Plaintiff Class request recovery of rest period compensation pursuant toto Labor Code Section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or any other statute and/or regulation.

77.    Defendant SAPERSTEIN is liable as a person acting on behalf of an employer for failure to provide rest breaks pursuant to Labor Code § 558.1, which provides that any "employer," and any "*other person* acting on behalf of an employer, who violates, or caused to be violated" any of the wage and hour statutes, including Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may share liability.

78.    Plaintiff and Plaintiff Class have been damaged by Defendants' intentional and knowing refusal to compensate them for work performed during their rest breaks.  Therefore, Plaintiff and Plaintiff Class seek damages equal to one hour of wages per each missed break in a sum to be proven at trial under both Labor Code § 226.7 and IWC Wage Orders.

///

25

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS**

**(Plaintiff and Plaintiff Class Members Against Defendants Event Medic**

**NY Inc, Jeff Saperstein, and Does 1-100)**

79.    Plaintiff and Plaintiff Class realleges the information set forth in Paragraphs 1-78 above, as though fully set forth and alleged herein.

80.    Labor Code Section 1174, subdivision (d) requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee.   Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

81.    At all times relevant hereto, California Labor Code Section 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

83.    Defendants failed to provide Plaintiff and Plaintiff Class an itemized statement that complied with Labor Code Section 226, including but not limited to

26

the following: (1) failing to report the total number of hours actually worked by Plaintiff and Plaintiff Class; and (2) failing to accurately record all earned minimum wages, overtime wages, and missed meal and rest break premium compensation.

84.    Plaintiff is informed and believes that Defendants' failure to keep accurate payroll records, as described above, violated Labor Code Sections 226 and 1174(d) and the applicable wage order.  Plaintiff and Plaintiff Class are entitled to penalties of one hundred dollars ($100) for the initial violation and two hundred dollars ($200) for each subsequent violation for every pay period during which these records and information was not kept by Defendants.

85.    As a result of Defendants' failure to comply with Labor Code Sections 226 and 1174(a), Plaintiff and Plaintiff Class are entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 per for each violation in any subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and attorney's fees pursuant to California law, including, but not limited to, Labor Code Section 226(e).

86.    Plaintiff is informed and believes that Defendants' failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and Plaintiff Class are entitled to a statutory penalty of five hundred dollars ($500) for Plaintiff and each member of Plaintiff Class pursuant to Labor Code Section 1174.5.

87.    Defendant SAPERSTEIN is liable as a person acting on behalf of an employer for failure to provide wage statements in compliance with Labor Code Section 226 pursuant to Labor Code § 558.1, which provides that any "employer,"

27

and any *other person* acting on behalf of an employer, who violates, or caused to be violated" any of the wage and hour statutes, including Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may share liability.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES TO TERMINATED OR RESIGNED EMPLOYEES

## (Plaintiff and Plaintiff Class Members Against Defendants Event Medic NY Inc, Jeff Saperstein, and Does 1-100)

88.    Plaintiff and Plaintiff Class realleges the information set forth in Paragraphs 1-87 above, as though fully set forth and alleged herein.

89.    Plaintiff and certain members of the Plaintiff Class who ended their employment with Defendants during the Class Period, were entitled to be promptly paid all their wages, including overtime wages, as required by Labor Code sections 201-203.  Defendants refused and/or failed to promptly compensate Plaintiff and Plaintiff Class as a result of their failure to pay Plaintiff and Plaintiff Class overtime compensation as well as their failure to provide meal and rest periods.  Pursuant to Labor Code Section 203, Plaintiff and Plaintiff Class seek payment of penalties pursuant to Labor Code Section 203, according to proof.

90.    Plaintiff and Plaintiff Class are also entitled to attorney's fees and costs, pursuant to Labor Code Section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

91.    Plaintiff and Plaintiff Class hereby brings this cause of action against Defendants under the following laws for the following reasons:

a.    California Labor Code Section 202, which requires employers to pay

28

1    all final wages due to an employee within 72 hours of their resignation;

2        b.    California Labor Code Section 201, which requires employers to pay

3    all final wages due to an employee immediately upon their termination;

4        b.    for penalties under California Labor Code Section 203 as Plaintiff

5    and certain members of Plaintiff Class were not provided all wages due to them in

6    accordance with Labor Codes Section 201 and 202;

7

8        c.    for the above subparagraphs a-b, the Plaintiff and Plaintiff Class pray

9    for Labor Code Section 218.6 relief for interest on Plaintiff's and Plaintiff Class'

10   unpaid wages due, and Sections 211 and 218.5 relief for recovery of costs and

11   attorney's fees associated with the Plaintiff's prosecution of this cause of action

12   under Labor Code Sections 200 et seq.

13       91.    Defendant SAPERSTEIN is liable as a person acting on behalf of an

14   employer for failure to pay all wages due within 72 hours or resignation in

15   compliance with Labor Code Section 202 pursuant to Labor Code § 558.1, which

16   provides that any "employer," and any *other person* acting on behalf of an

17

18   employer, who violates, or caused to be violated" any of the wage and hour

19   statutes, including Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may

20   share liability.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION STATUTE**

**(Bus. & Prof. Code § 17200, et seq.)**

**(Plaintiff and Plaintiff Class Members Against Defendants Event**

**Medic NY Inc, Jeff Saperstein, and Does 1-100)**

92.    Plaintiff and Plaintiff Class realleges the information set forth in Paragraphs 1-91 above, as though fully set forth and alleged herein.

93.    Business and Professions Code Section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Compensation Law ("UCL").

94.    Labor Code Section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

95.    Beginning at an exact date unknown to Plaintiff, but at least four (4) years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act  by committing the acts and practices as stated in the Complaint, including but not limited to misclassifying Plaintiff and Plaintiff Class as independent contractors; failing to pay Plaintiff and Plaintiff Class for all overtime hours worked; failing to reimburse Plaintiff and Plaintiff Class for all work related expense; and failing to provide

30

Plaintiff and Plaintiff Class meal and rest breaks. Defendant's actions and practices constitute unfair competition in violation of Business and Professions Code Section 17200, et. seq.

96.    Among other things, the acts and practices have forced Plaintiff and Plaintiff Class to labor for many hours without receiving overtime, and meal and rest period compensation to which they are entitled by law, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

97.    As a result of Defendants' acts, Plaintiff and Plaintiff Class have suffered injury in fact in being denied their statutorily entitled meal and rest periods, not having their business-related expenses reimbursed, and not receiving full compensation for hours of labor, including overtime compensation. As a result of Defendants' unlawful acts of unfair competition, Plaintiff and Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

98.    Business and Professions Code Section 17203 provides that a court may make such order or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

99.    Business and Professions Code Section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and Plaintiff Class are

entitled to restitution pursuant to Business and Professions Code Section 17203 for all wages and payments unlawfully withheld from employees, including overtime wages and meal and rest wages during the four year period prior to the filign of this complaint.

100.    Business and Professions Code Section 17202 provides "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."   Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code Section 17202.

101.    Plaintiff's success in this action will enforce important rights affecting public interest, and in that regard, Plaintiff sues on behalf of the general public, as well as herself and other similarly situated individuals.   Plaintiff and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

102.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.   There is a financial burden involved in pursuing this action and the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery of this action.   Attorney's fees are therefore appropriate pursuant to California Code of Civil Procedure section 1021.5a.

103.    Plaintiff and Plaintiff Class seek restitution for all wages not paid that should have been paid per the statutes alleged in the first through six causes of action.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EIGHTH CAUSE OF ACTION**

**WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF**

**PUBLIC POLICY**

**(Plaintiff Against Defendants Event Medic NY Inc and Does 1-100)**

104.    Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 103, inclusive as though fully set forth herein.

105.    Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional or statutory provision that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

106.    Plaintiff alleges that said Defendant to this cause of action constructively terminated the Plaintiff in violation of public policy by misclassifying Plaintiff as an independent contractor, failing to pay Plaintiff overtime compensation, failing to reimburse Plaintiff for all work-related expenses, and failing to provide Plaintiff with meal and rest breaks in accordance with the California Labor Code.

107.    Plaintiff alleges that the working conditions that Plaintiff was subjected to were so intolerable and aggravated at the time of her resignation that a reasonable person in her position would have resigned.

108.    Defendant's conduct described in the above sentence violates the

33

following statutes that effect society at large:

a.     California Labor Code Section 1194 because Defendants failed to pay Plaintiff and Plaintiff Class for all hours worked, including overtime compensation;

b.     California Labor Code Section 1194(a) allowing employees who are paid less than the legal overtime compensation or minimum wage to recover, in a civil action, the unpaid balance of the full amount of the overtime compensation or wages due along with any attorney fees and costs;

c.     California Labor Code Section 1194.2(a) which states that: "In any action to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.";

d.     those provisions of the California Labor Code regulating working hours and overtime pay including California Labor Code Section 510 requiring daily overtime at one and a half the employee's normal rate for work over 8 hours in a day, and over 40 hours in a week, and the civil penalties allowed under Section 558 for a violation of Section 510 for those times during Plaintiff's and Plaintiff Class' employment in which Plaintiff and Plaintiff Class were not paid overtime at time and one half for hours worked in excess of 8 hours in a single day, and those times they were not paid double time for hours they worked in excess of 12 hours in a single day;

e.     Labor Code Section 2802 requires employers to indemnify employees for any expenses incurred as a direct consequence of employment or at the direction of the employer.

f     California Labor Code Section 512, which provides that employers

34

1  authorize and permit all employees to take meal periods or at least thirty (3) duty-

2  free minutes commencing no later than at the end of the fifth (5th) hour of work,

3  when the work shift exceeds five (5) hours and a second thirty-minute, duty free

4  meal period during shifts exceeding ten (1) hours.

5      g.    California Labor Code Section 226.7 and California Code of

6  Regulations, Title 8, Section 11150(12) provides that employers authorize and

7  permit all employees to take rest periods at the rate of ten (10) minutes per four

8
   (4) hours worked.
9

10     h.    California courts have long recognized wage and hours laws concern

11  not only the health and welfare of the workers themselves but also concerns the

12  public health and genera welfare for society. *Gould v. Marvland Sound Industries.*

13  *Inc.* (1995) 31Cal.App. 1147*, Gantt v Sentry Insurance* (1992) 1 Cal. App 4th 1083,

14
    1095; and *Phillips v. Gemini Moving Specialists*, (1998) 63 Cal. App. 4th 563, 570,
15

16  concluding that it is a violation of public policy not to promptly pay employees all

17  wages due and owing;

18     i.    All other state and federal statutes, regulations, administrative orders,

19  and ordinances which effect society at large, and which discovery will reveal were

20  violated.

21     109.    As a direct, foreseeable, and proximate result of the actions of said

22  Defendant, as described in this cause of action, Plaintiff has suffered, and

23
    continues to suffer, severe emotional distress, substantial losses in salary, bonuses,
24

25  job benefits, and other employment benefits she would have received from said

26  Defendant plus expenses incurred in obtaining substitute employment and not

27  being regularly employed for months, as well as financial losses, all to Plaintiff's

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   damage, in a sum within the jurisdiction of this court, to be ascertained according

2   to proof.

3       110.    Plaintiff is further informed and believes, and based thereon alleges,

4   that Defendant acted, and continues to act, with full knowledge of the

5   consequences and damage being caused to Plaintiff and other similarly situated

6   workers by Defendant's actions, and Defendant's actions were, and are, willful and

7   oppressive.    Accordingly, Plaintiff is entitled to punitive damages against

8   Defendant, in a sum according to proof at trial.

9

10                          **NINTH CAUSE OF ACTION**

11          **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**

12                      **(Cal. Labor Code Section 2698, et seq)**

13              **(Plaintiff Against Defendants Event Medic NY Inc, Jeff**

14                      **Saperstein, and Does 1-100)**

15

16      111.    Plaintiff re-alleges and incorporates herein by reference Paragraphs 1

17   through 110, inclusive as though fully set forth herein.

18      112.    As a result of the acts alleged herein, Plaintiff, as an aggrieved

19   employee within the meaning of Labor Code Section 2699(c), on behalf of herself

20   and other current of former EMTS/Covid-19 Screeners of Defendants in California

21   who Defendant classified as independent contractors, seeks the recovery of civil

22   penalties against Defendants pursuant to California Labor Code Section 2698 et

23   seq for the following knowing and intentional violations of the California Labor

24   Code:

25

26      a.    For willfully misclassifying workers, including Plaintiff, as

27   independent contractors, and engaging in a pattern or practice of committing said

28

                                    36

unlawful acts, in violation of Labor Code Section 226.8 against all Defendants;

b.      For Failing to pay Plaintiff and other misclassified workers the legally mandated minimum and overtime wage for each hour worked, in violation of Labor Codes Sections 1194, 1197, 1197.1, and 510;

c.      For failing to provide required meal period to Plaintiff and other misclassified workers in violation of Labor Code Section 226.7 and 512 and paragraph 11 of Wage Order 9-2001;

d.      For failing to pay Plaintiff and other misclassified workers the additional hour of compensation earned for every shift that a mandated meal period was denied, in violation of Labor Code Section 226.7(b) and paragraph 11 of Wage Order 9-2001;

e.      For failing to authorize and/or permit required rest periods to Plaintiff and other misclassified workers, in violation of Labor Code Section 226.7 and paragraph 12 of Wage Order 9-2001;

f.      For failing to pay Plaintiff and other misclassified workers the additional hour of compensation earned for every shift that a mandated rest period was denied, in violation of Labor Code Section 226.7(b) and paragraph 12 of Wage Order 9-2001;

g.      For failing to indemnify Plaintiff and other misclassified workers for expenditures incurred by such employees in direct consequence of their discharge of duties, in the form of charging for medical bags, uniforms, and the costs of workers compensation/occupation accident insurance, in violation of Labor Code Sections 2800, 2802, and 2804;

h.      For failing to pay wages promptly following termination of

employment, or when due and payable, in violation of Labor Code sections 201, 202, 204; and

i.      For failing to maintain for and provide to Plaintiff and other misclassified workers the accurate, itemized wage statements required by Labor Code Section 226.

113.    The above-referenced civil penalties shall include the recovery of amounts specified in the applicable sections of the Labor Code, and if not specifically provided; those under section 2699(f), and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by Plaintiff and other misclassified EMTS, pursuant to Labor Code Sections 210, 225.5, 226.3, 226.8, 558(a), 1197.1(a), 2802, and 2699, subdivision (a) and (f).

114.    Plaintiff reserves her right to allege any additional and all other violations of the Labor Code and the Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

115.    Defendant SAPERSTEIN, acting for himself, and on behalf of Defendant EVENT MEDIC, is responsible for the labor code violations described herein, that SAPERSTIEN decided, planned, caused, assisted, participated in, allowed and/or ratified the unlawful acts as alleged herein.   As the President of EVENT MEDIC, and the highest ranking officer of Defendant EVENT MEDIC, SAPERSTEIN exercises supervisorial authority and control over the key employees that implemented, and continue to implement, the unlawful wage-and-hour practices against Plaintiff and other former and current EMTs and Covid-19 Screeners.   SAPERSTEIN knew that Plaintiff and other former and current EMTs

and Covid-19 Screeners should be regarded as employees, but chose to willfully misclassify the EMTS and Covid-19 Screeners as independent contractors, in order to maximize profits for Defendants.

116.    Therefore, Defendant SAPERSTEIN is individually liable under PAGA for civil penalties arising (a) under Labor Code Section 226.8, which makes it unlawful for "any person or employer to engage" in "willful misclassification" of an individual as an independent contractor.

117.    Labor Code Section 2698 through 2699-PAGA provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees for violation of the California Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

118.    Whenever the LWDA, or any of its departments, divisions, commissions, board agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

119.    Plaintiff and Plaintiff Class are "aggrieved employees" as defined by Labor Code Section 2699 in that they are all current or former misclassified hourly independent contractors of Defendants, and one or more the alleged violations was committed against them.

120.    Plaintiff asserts all of the claims in this complaint against Defendants, individually and on behalf of all aggrieved employees of the Plaintiff Class, in her capacity as a private attorney general, and seeks all statutory penalties available

39

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    under the Labor Code.

2         121.    Pursuant to Labor Code Section 2699, Plaintiff, individually and on

3    behalf of all aggrieved employees, request and are entitled to recover from

4    Defendants: unpaid wages, overtime compensation, rest and meal period

5    compensation and penalties, waiting time penalties according to proof, penalties for

6    failure to keep accurate payroll records, interest, attorney's fees and costs pursuant to

7    Labor Code Section 28.5, 1194(a), and 1174, as well as all statutory penalties, and

8

9    attorneys' fees against Defendants, including but not limited to:

10       (a)  Penalties under Labor Code Section 2699 in the amount of $100 for each

11           aggrieved employee per pay period for each initial violation, and $200 for

12           each aggrieved employee per pay period for each subsequent violation;

13       (b) Penalties under Code of Regulations Title 8 Section 11050 in the amount of

14           $50 for each aggrieved employee per pay period for the initial violation,

15

16           and $200 for each aggrieved employee per pay period for each subsequent

17           violation; and

18       (c) Any and all additional penalties and sums are provided by the Labor Code

19           and/or other statutes;

20        120.    In addition thereto, Plaintiff seeks and is entitled to 50 percent of all

21   penalties obtained under Labor Code Section 2699 to be allocated to the General

22   Fund, and 25% of all penalties obtained to be allocated to the LWDA, for education of

23   employers and employees about their rights and responsibilities under the Labor

24   Code and 25% to all aggrieved employees.

25        121.    Further, Plaintiff is entitled to seek and recover reasonable attorney's

26

27   fees and costs pursuant to Labor Code Section 2699, 218.5, 226, 1174, 1194, and

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    any other applicable statute.

2        WHEREFORE, the Plaintiff and Plaintiff Class pray for the following relief,

3    to be determined by a jury, as follows:

4                    For the First Cause of Action:

5        1.  For Restitution and compensatory damages for Plaintiff's and Plaintiff

6    Class' unpaid minimum and overtime wages according to proof at the time of trial;

7
8        2.  For penalties as authorized under California law, including, but not

9    limited to the California Labor Code;

10       3.  For all costs and disbursements incurred in this suit;

11       4.  For reasonable attorney's fees and costs under Labor Code Sections

12   1194, 1194.3, and as otherwise permitted by statute;

13       5.  For all interest as allowed by law;

14
15       6.  For liquidated damages pursuant to Labor Code Section 1194.2(a);

16       7.  For such other and further relief as the Court deems just and proper;

17                    For the Second Cause of Action

18       8.  For all unreimbursed work related expenses;

19       9.  For reasonable attorney's fees and costs;

20       10. For all interest as allowed by law.

21                 For the Third and Fourth Causes of Action

22       11.  For restitution and compensatory damages according to proof at the

23   time of Trial

24       12.  For additional compensation pursuant to Labor Code Section 226.7

25
26   equal to one hour of pay, at Plaintiff's and Plaintiff Class' regular rate of pay, for

27   each workday within the statutory period in which Plaintiff and Plaintiff Class were

28

                                 41

denied meal and rest breaks;

13. For interest as allowed by law.

### For the Fifth Cause of Action

14. For the greater of actual damages sustained or penalties as authorized by California law, including, but not limited to, the California Labor Code;

15. For reasonable attorney's fees and costs under the Labor Code, and as otherwise permitted by statute;

16. For interest at the legal rate pursuant to Labor Code Section 1194 and Civil Code Section 3289, from the date of each applicable pay period;

### For the Sixth Cause of Action

17. For Restitution and compensatory damages for Plaintiff's and Plaintiff Class' unpaid wages according to proof at the time of trial;

18. For Labor Code Section 203 penalties

19. For Reasonable Attorney Fees and Costs;

### For the Seventh Cause of Action

20. For an order compelling the Defendant to disgorge and pay over to Plaintiff, as restitution, all profits and savings resulting from their unfair and unlawful business policies and practices imposed upon Plaintiff;

21. For reasonable attorney's fees under Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute;

### For the Eighth Cause of Action

22. For general damages in an amount according to proof, but in excess of the jurisdictional limit of this court;

23. For all costs and disbursements incurred in this suit;

42

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

24.   For special damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

25.   For punitive damages, as allowed by law, in an amount to be ascertained, according to proof, that will sufficiently punish the Defendants, make and example of them, and deter future conduct; and

26.   For such other and further relief as the Court deems just and proper.

<u>For the Ninth Cause of Action</u>

27.   For penalties as authorized by statute, including, but not limited to, California Labor Code Section 2699(f)(1), providing for an award of civil penalties to Plaintiffs against Defendants of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

28.   For reasonable attorney's fees and costs pursuant to California law, including but not limited to California Labor Code Section 2699(g)(1)

Dated: February 17, 2022                                    LEE & ROSENZWEIG

BRENT ROSENZWEIG
ATTORNEYS FOR PLAINTIFF,
ESME MUNOZ, as an individual
and on behalf of all similarly
situated individuals

43

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT "1"

# LEE & ROSENZWEIG

**3580 Wilshire Blvd., FL 17**
**Los Angeles, California 90010**
**(213) 221-4502**
**(213) 402-6021 fax**
BRENT@LANDRLEGAL.COM

November 9, 2021

<u>Via Electronic Mail to LWDA</u>
California Labor and Workforce Development Agency
https://dir.tfaforms.net/207

<u>Via U.S. Certified Mail to Respondent</u>
Jeff Saperstein
Event Medic NY Inc
901 North Broadway
North Massapequa, New York 11758

Re:    PAGA Complaint of Esme Munoz—Notice of Labor Code
       Violations Pursuant to California Labor Code
       sections 2699.3 and 2699.5 on behalf of State of
       California and other aggrieved employees of Event Medic
       NY Inc

To PAGA Administrator, Event Medic NY Inc and Jeff Saperstein:

Please be advised that our office represents Esme Munoz ("Claimant") regarding her California Labor Code claims against her employer, Event Medic NY Inc and Jeff Saperstein ("Respondents"). Claimant, (who has been employed by Respondents as a Covid-19 Screener/Emergency Medical Technician ("EMT") from on or about August 2020 to the present), intends to seek civil penalties, attorney's fees, costs and other relief for California Labor Code violations as recoverable under Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Claimant seeks relief on behalf of herself, the State of California, and current and former employees of Respondents in California who suffered one or more Labor Code violations ("aggrieved employees"). This notice complies with the notice and reporting requirements of Labor Code section 2699.3.

From on or about August 2020 through the present, Claimant has been working as a Covid-19 Screener/EMT for Respondents earning $20 an hour. Claimant regularly works 11-14 hour days, 5-6 days a week, and performs non-exempt duties for

Respondent.

Throughout Claimant's employment with Respondents, Respondents have misclassified Claimant and other aggrieved employees as independent contractors. Respondents have also failed to provide Claimant and other aggrieved employees with overtime compensation for the hours they work over 8 in a day or 40 in a week, and have failed to provide Claimant and other aggrieved employees with meal and rest breaks in accordance with the California Labor Code. Respondents have also failed to reimburse Claimant and other aggrieved employees for all work-related expenses in violation of the California Labor Code.

Claimant's relevant claims include the following:

**A.    Violation of California Labor Code Section 226.8**, which makes it unlawful for any person or employer to engage in any of the following activities:

(1) Willful misclassification of an individual as an independent contractor.

(2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified.

(b) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

(c) If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

By misclassifying Claimant and other aggrieved employees, Respondents violated the above labor code.

B.    **Violation of California Labor Code Section 510** which provides:

>    Any work in excess of eight (8) hours in one workday and any work in
>    excess of forty (40) hours in any one workweek and the first eight
>    hours worked on the seventh day of work in any one workweek shall be
>    compensated at the rate of no less than one and one-half times the
>    regular rate of pay for an employee. Any work in excess of twelve (12)
>    hours in one day shall be compensated at the rate of no less than twice
>    the regular rate of pay for an employee....

By failing to properly pay Claimant and other aggrieved employees for all hours
worked including overtime wages, Respondents violated California Labor Code sections
510, 515, 551, 1194, *et seq.*, and is liable for civil penalties pursuant to the PAGA Labor
Code section 2698, *et seq.* in an amount assessed per violation for each aggrieved
employee for each workweek within the applicable limitations period, and is liable for
the civil penalty for "underpaid wages" as specifically authorized by Labor Code section
558(a). PAGA specifically authorizes recovery of civil penalties through a representative
action, inclusive of penalties in Labor Code section 558, which states:

Pursuant to California Labor Code § 558. (a) Any employer or other person
acting on behalf of an employer who violates, or causes to be violated, a section of
this chapter or any provision regulating hours and days of work in any order of
the Industrial Welfare Commission shall be subject to a civil penalty as follows:

>    (1) For any initial violation, fifty dollars ($50) for each underpaid
>    employee for each pay period for which the employee was
>    underpaid in addition to an amount sufficient to recover underpaid
>    wages.
>    (2) For each subsequent violation, one hundred dollars ($100) for
>    each underpaid employee for each pay period for which the
>    employee was underpaid in addition to an amount sufficient to
>    recover underpaid wages.
>    (3) Wages recovered pursuant to this section shall be paid to the
>    affected employee.

C.    **Violation of California Labor Code Section 2802** which states that:

a) An employer shall indemnify his or her employee for all necessary expenditures
or losses incurred by the employee in direct consequence of the discharge of his or
her duties, or of his or her obedience to the directions of the employer, even
though unlawful, unless the employee, at the time of obeying the directions,
believed them to be unlawful.

Page 4

(b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

(d) In addition to recovery of penalties under this section in a court action or proceedings pursuant to Section 98, the commissioner may issue a citation against an employer or other person acting on behalf of the employer who violates reimbursement obligations for an amount determined to be due to an employee under this section. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the commissioner shall be the same as those set forth in Section 1197.1. Amounts recovered pursuant to this section shall be paid to the affected employee.

Respondents failed to reimburse Claimant and other aggrieved employees for all of their work related expenses in violation of California Labor Code Section 2802, including but not limited to requiring Claimant and other aggrieved employees to purchase shirts and medical bags that they are required to use "in direct consequence of the discharge of [their] duties" with Respondents.

D.    **Violation of California Labor Code section 226(a)**, which states in pertinent part:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, .... (5) net wages earned ...... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ....

Respondents violated the above labor code section by not providing Claimant with an itemized wage statement along with her pay check in accordance with Labor Code Section 226(a)

Page 5

E.    **California Labor Code section 226.3**, which states in pertinent part:

§226.3. Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

F.    **Violation of California Labor Code Sections 1194, 201-202, 210**

Respondents also willfully, intentionally and knowingly administered an illegal compensation in violation of California Labor Code Section 1194(a), subjecting Respondents to civil penalties for failure to timely pay wages due within the requirements of Labor Code sections 201-202, including but not limited to, failing to pay Claimant and other aggrieved employees all wages due at the time of their termination or within seventy-two (72) hours of their resignation. Claimant is entitled to seek recovery of civil penalties for each pay period for each aggrieved employee who was not paid all wages due in compliance with sections 201-202. Also, for each separated or terminated employee in the applicable limitations period, Claimant may recover civil penalties pursuant to Labor Code section 203, since overtime wages due and owing were not paid within the applicable timeframe.

Further, civil penalties for violations may be assessed and recovered pursuant to Labor Code section 210, which states:

§210 (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204(b), 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Page 6

G.    **Violation of California Labor Code Sections 226.7 and 512.**

Pursuant to California Labor Code Section 512(a):

An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Pursuant to California Labor Code Section 226.7(b)& (c):

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Respondent violated Labor Code Section 226.7, 512(a), and 1198, et seq. by failing to permit Claimant and other aggrieved employees a reasonable opportunity to take uninterrupted duty-free meal breaks of a minimum of 30 minutes every five (5) hours worked and rest break of a minimum of 10-minutes for every three and a half (3.5) hours of work.    Therefore, Claimant and other aggrieved employees are entitled to seek recovery of civil penalties pursuant to Labor Code Section 226.7, 512, and 1198, et seq,

H.    **Respondents violated California Labor Code section 2810.5(a)(1)(A)-(C) (Wage Theft Prevention Act)** by failing to provide, at the time of hiring, written notice of the rate(s) of pay and the basis thereof, whether by the hour, shift, day, week, salary, piece, commission or otherwise, including any overtime rates, the regular payday as

Page 7

designed by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances. Further, this Act required written notice that an employee may accrue and use sick leave, has a right to use accrued sick leave, may not be terminated or retaliated against for using or requesting such aid sick leave, and has the right to file a complaint against an employer who retaliated. None of these notices were provided to Claimant and other aggrieved employees, which is in violation of Labor Code sections 245.5, 246, 246.5, 247.5, 248.5, and 249, which states in pertinent part:

> § 246 (a) (1) An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days...
> (b) (1) An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operative date of this article, whichever is later, subject to the use and accrual limitations set forth in this section.

> § 248.5 (a)(2) If paid sick days were unlawfully withheld, the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250), whichever amount is greater, but not to exceed an aggregate penalty of four thousand dollars ($4,000), shall be included in the administrative penalty.
> (f) In an administrative or civil action brought under this article, the Labor Commissioner or court, as the case may be, shall award interest on all amounts due and unpaid at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code.

More specifically, Respondents never apprised Claimant and other aggrieved employees of their right to paid sick leave, including whether sick leave was based on accrual or lump sum method. Thus, Claimant and other aggrieved employees are entitled to recover penalties, attorney's fees, costs, and interest thereon, under Labor Code section 2699(a), (f)-(g).

I. **Individual Liability**

Pursuant to California Labor Code Section 558.1:

(a) any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or

**Page 8**

managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

Also, pursuant to *Atempa v. Pedrazzani*, (2018). 27 Cal App 5th 809, an owner or officer of an entity can be liable for wage and hour violations. Therefore, as Event Medics owner and President, Jeff Saperstein is individually liable for the above Labor Code Violations.

Claimant seeks the remedies set forth above for herself, the State of California, and all other aggrieved employees. And specifically as to PAGA, (especially Labor Code sections 2699(a), 2699.3(a), 2699.3(c), 2699.5, and 558), Claimant, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for herself, all other aggrieved employees, and the State of California against Respondents for violations of Labor Code sections 200.5, 201, 202, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1174(d), 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and 2810.5. Thus, on behalf of all aggrieved employees, Claimant seeks all penalties related to these violations of the California Labor Code pursuant to PAGA.

If you have any questions regarding the above, or are interested in discussing further, do not hesitate to contact us. Thank you for your prompt attempt to this matter.

Respectfully submitted,
**LEE & ROSENZWEIG**

By: _____

Brent Rosenzweig
Attorney for Claimant
Esme Munoz on behalf of herself and
other aggrieved employees

cc: Esme Munoz

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 10:07AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias, Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brent Rosenzweig, SBN 219071<br>LEE & ROSENZWEIG, 1300 Eastman Avenue, Suite #106, Ventura, CA 93003<br><br>TELEPHONE NO.: (805) 253-7740    FAX NO. (Optional): (213) 402-6021<br>E-MAIL ADDRESS: Brent@landrlegal.com<br>ATTORNEY FOR (Name): Plaintiff Esme Munoz, an individual and on behalf of others | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
Esme Munoz v. Event Medic NY Inc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV07314 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | condemnation (14) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Petition re: arbitration award (11) | |
| [x] Other employment (15) | [ ] Writ of mandate (02) | |
| | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve   courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence   court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 9
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 18, 2022
Brent Rosenzweig
_____    ►_____
            (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form |

Clear this form

22STCV07314

Electronically FILED by Superior Court of California, County of Los Angeles on 03/01/2022 10:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

| SHORT TITLE: Munoz vs. Event Medic NY Inc, et al | CASE NUMBER 22STCV07314 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Munoz vs. Event Medic NY Inc, et al | CASE NUMBER |
|---|---|

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Munoz vs. Event Medic NY Inc, et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Munoz vs. Event Medic NY Inc, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | 3777 Workman Mills Road |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Whittier | CA | 90601 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>February 17, 2022</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/01/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV07314 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 03/01/2022                                By J. Covarrubias _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 2 of 2

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )          FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to
      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling
      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission
      of documents to the Court for processing which may contain one or more PDF documents
      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a
      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

    a) The following documents shall not be filed electronically:

        i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii) Bonds/Undertaking documents;

        iii) Trial and Evidentiary Hearing Exhibits

        iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3        Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4        Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019                    Kevin C. Brazile

11                                                            KEVIN C. BRAZILE
                                                             Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save |

| Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:    _____

_____
JUDICIAL OFFICER

[ Print ]    [ Save ]    [ Clear ]

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER – MOTIONS IN LIMINE**    Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _____          _____

5                                   Carolyn B. Kuhl, Supervising Judge of the
6                                   Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

     I am employed in Los Angeles County.  My business address is 11755 Wilshire Blvd., Suite 2400, Los Angeles, CA 90025, where this mailing occurred.  I am over the age of 18 years and am not a party to this cause.  I am readily familiar with the practices of KAUFMAN DOLOWICH & VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

     On April 5, 2022, I served the foregoing document on the interested parties in this action entitled as follows:

**NOTICE OF REMOVAL (DIVERSITY) OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

[XX] by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

[  ]  (**BY MAIL**)  I placed such envelope for collection and mailing on this date following ordinary business practices.

[  ]  (**BY PERSONAL SERVICE**)  I caused to be hand delivered such envelope to the addressee so indicated.

[X ]  (**BY E-MAIL ELECTRONIC TRANSMISSION**)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated on the attached list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

   ]  (**BY THE COURT'S ECF SYSTEM**):  I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California, on all ECF-registered parties in the action.

[  ]  (**STATE**)  I declare under penalty of perjury that the foregoing is true and correct.

[XX]  (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

Executed on April 5, 2022, at Los Angeles, California.

/s/ Noemi Bernal

---

1

2

3

**SERVICE LIST**

*Esme Munoz vs. Event Medic NY Inc, et al.*
*Los Angeles Superior Court Case No.:  22STCV07314*

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| Brent Rosenzweig, Esq.<br>Jong Lee<br>LEE & ROSENZWEIG<br>1300 Eastman Avenue, #106<br>Ventura, CA  93003<br>Tel: (805) 253-7740<br>Fax: (213) 402-7021<br>Email:  BRENT@LANDRLEGAL.COM | Attorney for Plaintiff<br>ESME MUNOZ |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL