Alejandro P. Gutierrez, SBN 107688
Law Offices of Alejandro P Gutierrez Inc
2100 Hillcrest Drive
Ventura, CA 93001
Alex@apgutierrezlaw.com
Tel: (805) 477-8373

Brent Rosenzweig (SBN 219071)
*Brent@LandRlegal.com*
Jong Lee (SBN 219810)
*Jong@LandRlegal.com*
LEE & ROSENZWEIG
3580 Wilshire Blvd, Fl. 17
Los Angeles, CA 90010
Tel: (213) 221-4502

Attorneys for Plaintiff
ESME MUNOZ and the Settlement Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESME MUNOZ, an individual and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>EVENT MEDIC NY INC, JEFF SAPERSTEIN, an individual; and DOES 1-100 inclusive,<br><br>Defendants. | CASE NO:   2-22-cv-02294- MAA (Hon. Maria A. Audero)<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; DECLARATIONS OF ALEJANDRO P. GUTIERREZ; BRENT ROSENZWEIG; JONG LEE AND ESME MUNOZ; [PROPOSED] ORDER**<br><br>**Date:  December 4, 2024**<br>**Time: 9:30 a.m.**<br>**Courtroom 880**<br>**Hon. Maria A. Audero** |

PLEASE TAKE NOTICE that on December 4, 2024, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Maria A. Audero, at the Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA 90012, Courtroom 880, 8th Floor Los Angeles, CA 90012, Plaintiff Esme Munoz ("Plaintiff" or "Munoz") will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 23 for an Order:

1.     Granting final approval of the Settlement and Release Agreement (hereinafter referred to as the "Settlement" or "Agreement") that was initially executed in March of 2024, and an amended Agreement was signed in June 2024;

2.     Finally certifying, for settlement purposes only, a Settlement Class in this matter that is comprised of:

> All individuals who were classified as independent contractors who worked as EMTs or Covid-19 Screeners of Defendants employed in California at any time during the Class Period.

3.     Finding that the Notice distributed to the Class pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances and satisfied due process;

4.     Approving the Gross Settlement Amount of $500,000.00 (Five Hundred Thousand Dollars);

5.     Approving payment of attorneys' fees to Class counsel in the amount of $166,500.00 (Plaintiff's separate Motion for Attorney Fees and Costs is being concurrently filed);

6.     Approving payment to Class Counsel of litigation costs in the amount of $6,017.35;

7.     Approving service payment of $15,000.00 to named Plaintiff Esme Munoz;

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

8.      Approving settlement of claims under the Private Attorney General Act  for $40,000.00 (with 75% going to the Labor and Workforce Development Agency in the amount of $30,000.00);

9.      Approving payment to the Settlement Administrator, CPT Group, in the amount of $10,500.00;

10.      Directing the parties to effectuate the Settlement according to the terms of the Settlement Agreement, including payment to Participating Class Members from the Gross Settlement Amount; and,

11.      Entering a Final Judgment consistent with the Court's Order granting final approval of the Settlement.

This motion is *unopposed* by Defendants Event Medic NY INC and Jeff Saperstein and Third-Party Defendant Capri Holdings Limited.

This motion is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's Preliminary Approval Order (Dkt. No. 116).  The motion will be based on this Notice, the operative complaint in this matter, the Memorandum of Points and Authorities filed herewith, the Settlement, the declarations filed herewith in support of this motion, the Proposed Order and Judgment filed today with this motion, and on the other pleadings and memoranda in this matter and such further evidence and argument as may be presented at or before the hearing on this Motion.

This motion is made following the completion of the class notice process whereby the Claims Administrator mailed the Class Notice to all persons identified as Class members by First Class Mail on August 6, 2024.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 24, 2024. This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declarations of Alejandro P. Gutierrez, Brent Rosenzweig, Jong Lee, and Esme Munoz, filed concurrently herewith, all supporting exhibits filed herewith, all other pleadings and papers filed in this action, and any argument or evidence that may be presented at the hearing in this matter.

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

1   Dated:  October 30, 2024          Law Offices of Alejandro P Gutierrez Inc

2

3                                              By *Alejandro P. Gutierrez*

4                                                    Alejandro P. Gutierrez
                                                   Attorneys for Esme Munoz and Settlement Class

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

# **TABLE OF CONTENTS**

I.    Introduction ....................................................................................... 1

II.   Factual and Procedural Background ................................................. 1

   A.  Plaintiff's Claims ...................................................................... 1

   B.  The Parties Enter a Settlement Agreement ................................ 2

   C.  Settlement Terms ....................................................................... 3

      1.  Gross Settlement Amount ...................................................... 3

      2.  Net Settlement Amount & Payment Terms ............................ 4

      3.  Distribution of Net Settlement Amount ................................. 4

   D.  Court Grants Motion for Preliminary Approval ....................... 5

III.  THE SETTLEMENT SHOULD BE GRANTED FINAL APPROVAL ....... 8

   A.  Final Certification of the Settlement Class is Warranted .......... 8

   B.  The Settlement is Fair, Reasonable and Adequate ................... 9

   C.  The Reaction of Notified Class Members to the Settlement Supports Final Approval .................................................................... 10

   D.  The Court-Approved Notice Plan Comports with Due Process ............ 11

   E.  The Proposed Award of Attorneys' Fees and Response of the Class .... 13

IV.   CONCLUSION ........................................................................... 14

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

1

## Table of Authorities

2

**Cases**

3

4
*Allen v. Bedolla*
    787 F.3d 1218 (9th Cir. 2015) ................................................................9

5

*Barcia v. Contain-A-Way, Inc.*
6
    2009 WL 587844 (S.D.Cal. March 6, 2009) ............................................. 11, 13

7

*Burns v. Elrod*
8
    757 F.2d 151 (7th Cir. 1985) ................................................................ 11

9

*Churchill Vill., LLC. v. Gen. Elec.*
10
    361 F.3d 566 (9th Cir. 2004) ................................................................ 9, 11

11

*Class Plaintiffs v. City of Seattle*
12
    955 F.2d 1268 (9th Cir. 1992) ................................................................9

13

*Eisen v. Carlisle & Jacquelin*
14
    417 U.S. 156 (1974) ........................................................................ 11

15

*Hanlon v. Chrysler Corp.*
16
    150 F.3d 1011 (9th Cir. 1998) ................................................................9

17

*In re Bluetooth Headset Prods. Liab. Litig.*
18
    654 F.3d 935 (9th Cir. 2011) ................................................................9

19

*In re Syncor ERISA Litig.*
20
    516 F.3d 1095 (9th Cir. 2008) ................................................................9

21

*Nat'l Coal. of Associations of 7-Eleven Franchisees v. Southland Corp.*
22
    210 F.3d 384 (9th Cir. 2000) ................................................................ 13

23

*Nat'l Rural Tele. Coop. v. DirectV, Inc.*
24
    221 F.R.D. 523 (C.D.Cal. 2004) ................................................................ 10

25

*O'Connor v. Uber Techs., Inc.*
26
    2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) ................................................9

27

*Spann v. J.C. Penney Corp.*
28
    211 F. Supp. 3d 1244 (C.D. Cal. 2016) ................................................ 13

*Torrisi v. Tucson Elec. Power Co.*
    8 F.3d 1370 (9th Cir. 1993) ................................................................ 13

**Statutes**

Business & Professions Code § 17200 et seq. .......................................... 2

Cal. Lab. Code § 201 .................................................................................. 2

Cal. Lab. Code § 202 .................................................................................. 2

Cal. Lab. Code §§ 226 ................................................................................ 2

Cal. Lab. Code §§ 226.7 ............................................................................. 2

Cal. Labor Code § 510 ............................................................................... 2

Cal. Labor Code § 512 ............................................................................... 2

Cal. Labor Code § 1182.12 ........................................................................ 2

Cal. Labor Code § 1194 ............................................................................. 2

Cal. Labor Coded § 1197 ........................................................................... 2

Cal. Labor Code § 1198 et seq ................................................................... 2

Fed. Rule Civ. Proc. 23 ............................................................. 5, 8, 9, 10, 11

**Other Authorities**

Manual for Complex Litig. (4th), § 21.312 ............................................ 13

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this unopposed motion, Plaintiff Esme Munoz and the Settlement Class seek final approval of a settlement of all claims between the parties. The Court previously preliminarily approved the Class and PAGA Settlement and Release Agreement (hereinafter referred to as the "Settlement") entered into by Plaintiff, on her own behalf and on behalf of the State of California, and on behalf of other similarly aggrieved employees, and on behalf of all other individuals who were classified as independent contractors who worked as EMTs or Covid-19 Screeners of Defendants employed in California at any time during the Class Period (collectively "Plaintiffs"); Defendants Event Medic, Inc. and Jeff Saperstein (collectively "Defendants"), and Third-Party Defendant Capri Holdings Limited.

The Settlement is fair, reasonable and adequate.  With a full understanding of the strengths and weaknesses of their case, Plaintiffs engaged in arms-length negotiations with Defendants, finally reaching an agreement following extensive litigation.  Following hearings with this Court, the parties modified the original Settlement and the Court subsequently granted preliminary approval of the Settlement upon a renewed motion.

The Court-appointed settlement administrator mailed the approved class notices to class members on August 6, 2024.  As of the opt-out deadline of September 20, 2024, out of a total of 385 Class Members, not a single Class Member has disputed the Settlement, and there were zero opt outs.  Given the widespread support of the Settlement, Plaintiffs now move the Court for final approval pursuant to Fed. Rule Civ. Proc. 23(e).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff's Claims

This action challenges the policy and practice of Defendant Event Medic NY Inc. of misclassifying EMTs and Covid Screeners as independent contractors rather than employees under California law. The lawsuit alleges that stemming from such misclassification Event Medic owes Plaintiff Esme Munoz and the class unpaid wages,

interest, and penalties. The lawsuit also asserts that Event Medic failed to provide accurate pay statements in compliance with California law and failed to reimburse workers for work-related expenses.

Defendant Event Medic represents itself as a nationwide provider of professional and experienced Emergency Care Physicians, Paramedics, EMT's, Nurses and Water Safety Personal. Munoz and members of the putative class allege they are/were individuals who provided onsite medical coverage and were expected to follow Event Medics' directions in the performance of their jobs.

On March 1, 2022, Plaintiff Munoz commenced this Action by filing a Complaint with the Los Angeles Superior Court. Thereafter, the case was removed to the Central District Court, where it presently resides. The Complaint is the operative complaint (the "Operative Complaint") and alleges causes of action against Defendants for: (1) Failure to Pay Overtime Wages (Class Claim; Cal. Labor Code §§ 510 and 1198 et seq.); (2) Failure to Pay Minimum Wage (Class Claim; Cal. Lab. Code §§ 1182.12, 1194, 1197 & 1198, et seq.); (3) Failure to Pay Meal Period Compensation (Class Claim; Cal. Lab. Code §§ 226.7, 512(a) & 1198 et seq.); (4) Failure to Pay Rest Period Compensation (Class Claim; Cal. Lab. Code §§ 226.7 & 1198 et seq.); (5) Failure to Furnish Accurate Wage and Hour Statements (Class Claim; Cal. Lab. Code § 226); (6) Failure to Pay Wages Upon Discharge (Class Claim; Cal. Lab. Code §§ 201 & 202, et seq.); (7) Unfair Competition (Class Claim; Business and Professions Code § 17200 et seq.); and (9) Violation of Private Attorney General Act. Defendant Event Medic denies the allegations in the Operative Complaint and denies any failure to comply with the laws identified in the Operative Complaint. Saperstein denies being the employer of the Class, and he denies any Labor Code 558 claims, and Defendants deny any and all liability for the causes of action alleged.

**B. The Parties Enter a Settlement Agreement**

On April 13, 2023, the Parties participated in a settlement conference before the Honorable Magistrate Judge Maria A. Audero. The matter did not settle, but the parties agreed to resume settlement discussions after an informal exchange of information. A

second settlement conference occurred on July 12, 2023, before the Honorable Steven Kim. The matter was still not resolved, and the parties were ordered to continue settlement discussions. On December 8, 2023, the Honorable Magistrate Judge Karen E. Scott held a Settlement Conference. The settlement conference was adjourned with a mediator's proposal. The case did not settle and the parties thereafter followed up discussions regarding settlement. At the end of December 2023, the parties reached a tentative settlement of the action, and Defendants' counsel drafted a Settlement Agreement in February 2024.  The Settlement was put in final and signed on July 1, 2024.

The Settlement Class consists of:

> All individuals who were classified as independent contractors who worked as EMTs or Covid-19 Screeners of Defendants employed in California at any time during the Class Period. (See Order Granting Unopposed Motion for Preliminary Approval of Class Action and PAGA Settlement dated 7/16/24, Dkt. 116; Settlement Agreement § I ¶ 1.5).

Additionally, the Settlement Agreement includes a PAGA class, which consists of aggrieved employees who are or previously were employed by Defendant Event Medic NY Inc. in California and were classified as independent contractors at any time during the PAGA period. (See Settlement, § I. Definition, ¶ 1.4).

### C. Settlement Terms

#### 1. <u>Gross Settlement Amount</u>

In exchange for the releases given by the Participating Settlement Class Members, as described in the Agreement and subject to final court approval, Defendants have agreed to pay the Gross Settlement Amount of $500,000.00. (Five Hundred Thousand Dollars). (Settlement, at ¶¶ 1.22, 3.1).   The Gross Settlement Amount includes: (1) Class Representative Service Payment to Class Representative not to exceed  $15,000.00; (2) Class Counsel Fees not to exceed one-third (1/3) of the Gross Settlement Amount, namely $166,500.00; (3) Class Counsel litigation expenses payment incurred to prosecute the action not to exceed $15,000.00; (4) PAGA Penalties in the total amount of $40,000.00, allocated 25% to the Aggrieved Employees ($10,000.00) and 75% to the LWDA ($30,000.00); and (5) reasonable

Administrator expenses in the amount of $10,500.00. (Settlement, at ¶¶ 1.22; 3.2.1; 3.2.2; 3.2.3; 3.2.4).

Third-Party Defendant Capri will pay the sum of $20,000.00 directly to Defendants within ten business days after the Settlement is final. (Settlement, ¶ 3.3).

The Gross Settlement Amount is non-reversionary. (*Id.*, ¶ 3.1). Any reductions to the attorneys' fees, costs, or service payment sought will increase the funds available for distribution to the Munoz and the Participating Settlement Class Members. (*Id.*, ¶ 3.2).

## 2. Net Settlement Amount & Payment Terms

The Net Settlement Amount to be distributed to Munoz and the Participating Class Members ("Net Settlement Amount") is the amount remaining following deductions of the Court-approved individual PAGA Payments, the LWDA PAGA Payment, Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and the Administration Expenses Payment from the Gross Settlement Amount. (Settlement, ¶ 1.28).

Defendants shall fully fund the Gross Settlement Amount and also fund the amounts necessary to fully pay Defendants' share of payroll taxes by transmitting the funds to the Administrator as follows: The first installment of $166,666.00, together with the pro-rated employer payroll taxes payment shall be made fourteen (14) days after a judgment is no longer subject to appeal; the second installment of $166,666.00, together with the pro-rated employer payroll taxes payment, shall be paid six months after the first installment; and the last and final payment of $166,668.00, together with the pro-rated employer payroll taxes payment, will be paid six months following the second installment. (Settlement, ¶ 4.3).

## 3. Distribution of Net Settlement Amount

Subject to this Court's final approval, the Net Settlement Amount will be apportioned to the Participating Settlement Class Members as follows:

- Participating Class Member's pro rata share of the Net Settlement Amount will be calculated by (a) dividing the Net Settlement Amount by the total number of Workweeks worked by all Participating Class Members during the Class Period

and (b) multiplying the result by each Participating Class Member's Workweeks. (Settlement, ¶ 3.2.5).

- The Aggrieved Employee's pro rata share of PAGA penalties (25%) is calculated by dividing the amount of the Aggrieved Employees' 25% share of PAGA Penalties ($10,000.00) by the total number of the PAGA Pay Periods. (Settlement, ¶ 3.2.4)

### D. Court Grants Motion for Preliminary Approval

In their Motion for Preliminary Approval, Plaintiffs sought an order (1) preliminarily approving the proposed settlement; (2) certifying the proposed settlement class; (3) appointing Munoz as class representative; (4) appointing Alejandro P. Gutierrez of the Law Offices of Alejandro P Gutierrez Inc; and Brent Rosenzweig and Jong Lee of Lee & Rosenzweig as Class Counsel; (5) approving and ordering dissemination of the proposed class notice and forms; and (6) scheduling a final approval hearing. (See Dkt. 116, ¶¶ 1 - 6).

On July 16, 2024, the Court entered its Order Re: Motion for Preliminary Approval of Class Action Settlement, in which it ordered that:

1. The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement. The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate and reasonable, and that they comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP"). The Court hereby adopts and incorporates by this reference the recitals, terms and conditions of the Settlement.

2. For purposes of the Settlement, the Court conditionally certifies the following class pending final approval of the Settlement:

All individuals who were classified as independent contractors who worked as EMTs or Covid-19 Screeners of Defendants employed in California at any time during the Class Period.

3. The Court appoints Alejandro P. Gutierrez of The Law Offices of Alejandro P Gutierrez Inc and Brent Rosenzweig and Jong Lee of Lee & Rosenzweig as Class Counsel.

4. The Court appoints Named Plaintiff Esme Munoz as Class Representative.

5. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these preliminary findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiff and members of the Conditionally Certified Class, Defendants' potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Conditionally Certified Class as a result of the Settlement, the Parties' participation in settlement conferences with experienced magistrate judges, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Conditionally Certified Class.

6. The Court approves the proposed manner of the notice of Settlement set forth in the Agreement. The Court also approves the font size and contents (except as indicated below in (a)) of the Notice of Proposed Class Action Settlement attached hereto as Attachment A.

a. In Paragraph 4 of Section C "WHAT ARE THE IMPORTANT TERMS OF THE PROPOSED SETTLEMENT?," the Notice states: "Employerside payroll taxes on the Wage Portion shall be calculated by the administrator and are included in the Gross Settlement Amount."

Before mailing the Notice, this sentence must be revised to state: "Employer-side payroll taxes on the Wage Portion are not included in the Gross Settlement Amount and, instead, will be paid by Defendants separately from, and in addition to, the Gross Settlement Amount."

7. The Court finds that the proposed manner of the notice of Settlement set forth in the Agreement (and the Notice of Proposed Class Action and PAGA Settlement referenced therein and which the Court approves of) constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice fully and accurately informs the Certified Class of all material elements of the lawsuit and proposed class action Settlement, and each Certified Class Member's right and opportunity to object to the proposed class action Settlement and be heard at the final approval (fairness) hearing.

8. The proposed plan for mailing the Notice of Proposed Class Action Settlement and Claim Form by first-class mail to the Certified Class Members' last known address is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. There is no alternative method of sending the Notice to the Certified Class that would be more practicable, and any more reasonably likely to notify the Class Members. The proposed Notice of Proposed Class Action Settlement and the notice plan set forth in the Settlement are the best practicable notice under the facts and circumstances of this case.

9. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

10. The Court appoints CPT Group, Inc. ("CPT") as the Claims

Administrator. Promptly following entry of this order, CPT will prepare a final version of the Notice of Proposed Class Action and PAGA Settlement, incorporating into it the relevant dates and deadlines set forth in this Order and the Settlement Agreement and will commence the notice process in accordance with the schedule of events set forth below.

(Dkt. 116, pgs. 2 – 4).

## III.    THE SETTLEMENT SHOULD BE GRANTED FINAL APPROVAL

### A. **Final Certification of the Settlement Class is Warranted**

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of the Settlement Class is appropriate under Federal Rule of Civil Procedure 23(a) and (b). Rule 23(a) provides that a class action can be maintained if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). As relevant here, settlement certification of a Rule 23(b)(3) class requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and that (2) "a class action [be] superior to any other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

The Court analyzed these factors in its Preliminary Approval Order and there is no reason to disturb its earlier conclusions. The requirements of Rule 23(a) and (b)(3) were satisfied then.  (*See* Dkt. 116, ¶ 2).

There have been no changes to the class impacting the numerosity, commonality, typicality, and adequacy of representation factors.  (Gutierrez Decl. at ¶ 10).  Nor have any questions of law or fact common to class members been subsumed by questions affecting only individual class members.  *Id.*  Indeed, the notice procedure authorized by the Court has resulted in an overwhelmingly positive reaction by the class, since no class members have objected to or opted out of the Settlement.  (Nicodemus Decl., ¶¶ 10 - 12). There is no reason for the Court, therefore, to depart from its previous conclusion that the

within class meets the certification requirements of Rule 23.  *See O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *4 (N.D. Cal. Sept. 13, 2019).

Accordingly, Plaintiffs now request that the Court confirm its previous certification of the settlement class.

### B.    The Settlement is Fair, Reasonable and Adequate

Judicial policy strongly favors settlement, particularly in complex class actions. *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Churchill Vill., LLC. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).

A class action may only be settled with court approval. Fed. R. Civ. P. 23(e). Where, as here, the proposed settlement will bind class members (by, e.g., releasing their claims), the court must find that the settlement agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This standard balances the public policy favoring settlement of complex class action litigation, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008), with the due process interests of absent class members, *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

In making its fairness assessment, courts typically consider: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (citation omitted).

Furthermore, Rule 23(e)(2) of the Federal Rules of Civil Procedure now lists the factors to be considered in settlement approval if the proposal will bind class members. Fed. R. Civ. P 23(e)(2). Those factors are "whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the

costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id*.

The Court assessed all of these factors in its Order granting preliminary approval and found that they counseled in favor of approval. (*See* Dkt. 116). For instance, the Court found that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these preliminary findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiff and members of the Conditionally Certified Class, Defendants' potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Conditionally Certified Class as a result of the Settlement, the Parties' participation in settlement conferences with experienced magistrate judges, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

The Court also determined that the proposed notice procedure would be practicable and reasonably notify the Class Members (*Id.* at 6 - 8). Such notice proved to be effective, as discussed below.

## C.    The Reaction of Notified Class Members to the Settlement Supports Final Approval

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of [the] proposed class settlement ... are favorable to the class members." *Nat'l Rural Tele. Coop*. v. *DirectTV, Inc.* 221 F.R.D. 523, 529 (C.D.Cal. 2004).

The notice packet in this action contained an estimate of the individual Class Member's settlement payment and explained the calculations, the settlement terms, and the

procedure for opting out, objecting, or challenging the individual payment calculation. (Nicodemus Decl. ¶ 15; see Ex. A thereto).

As of the September 20, 2024 objection deadline, no Class Member submitted any objection to the Settlement.  (Nicodemus Decl. ¶¶ 10 - 12).

Where, as here, no Class Members objected to the Settlement, courts infer that the settlement is fair, reasonable, and adequate.  *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *4 (S.D.Cal. March 6, 2009) (absence of objectors "strongly supports the fairness, reasonableness, and adequacy of settlement.").  As such the overwhelmingly positive response of Class Members and the absence of objectors favors final approval.

Overall, all of the fairness factors favor final approval of the Settlement.  Given the risks and costs associated with future litigation and appeals, and the risk of Defendants' financial insolvency, this Settlement, which resulted from arm's-length negotiations between experienced attorneys, warrants final approval.

### D.    The Court-Approved Notice Plan Comports with Due Process

Under Rule 23(e), the Court "must direct notice in a reasonable manner to all Class Members who would be bound by a propos[ed settlement]." Fed. R. Civ. P. 23(e)(1). Class Members are entitled to receive the "best notice practicable" under the circumstances.  *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985). Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted). Moreover, notice that is mailed to each member of a settlement class "who can be identified with reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

Here, the Notice approved by the Court met the requirements for the "best practicable" notice necessary to protect the due process rights of class members.  In its Order Granting Motion for Preliminary Approval of Class Action Settlement, the Court approved the manner of the notice of Settlement as set forth in the Settlement Agreement

and this Court's Order Granting Motion for Preliminary Approval of Class Action Settlement. (Dkt. No., 116, ¶ 6 – 8; see Nicodemus Ex. A). Pursuant to the terms of the Settlement, Defendants provided the Claims Administrator updated contact information for the 385 Class Members including last known addresses and telephone numbers. (Nicodemus Decl. ¶ 5). The Court appointed CPT Group as the Claims Administrator. (Dkt. No. 116, ¶ 10). The Court instructed CPT Group to prepare a final version of the Notice of Proposed Class Action Settlement, incorporating into it the relevant dates and deadlines set forth in its Order and the Settlement Agreement. (*Id*).

The Court instructed CPT Group to commence the notice process in accordance with the scheduling set forth in the Settlement, i.e. by mailing the Class Notice to all identified Class members via first-class mail within ten calendar days after the Court granted preliminary approval of the Settlement. (*Id*). The deadline appointed by the Court for filing objections to the Settlement was September 20, 2024. (Dkt. No. 116, pg. 5). To ensure that Class Members could make a fully-informed decision whether to participate in the Settlement or object to it, in the Notice each Class Member received an individual statement of the estimated dollar amount of his or her share of the Settlement and the factors that underlay the calculation of the settlement share. (Nicodemus Decl., Ex. A).

The Parties have now fully implemented the Court-approved Notice Plan. CPT Group received the list of Class Member names and addresses compiled by Defendants, updated the address list using the National Change of Address system, set up a toll-free number for Class Members to use if they wanted updated information on the Settlement or had any questions, amended the Notice to reflect that "Employer-side payroll taxes on the Wage Portion are not included in the Gross Settlement Amount and, instead, will be paid by Defendants separately from, and in addition to, the Gross Settlement Amount" as required by this Court (Dkt. No. 116, ¶ 6) and mailed the Class Notice and individualized estimates of settlement payments to the 385 Class Members by First Class mail. (Nicodemus Decl. ¶¶ 3 – 9; Exhibit A, ¶ 4). As of the September 20, 2024 deadline for

objections, not a single Class Member submitted any objection to or requested exclusion from the Settlement. (Nicodemus Decl. ¶¶ 10 - 12).

Accordingly, the Notice and Notice plan fulfilled all requirements of adequate notice and should be duly approved. See *Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1374-75 (9th Cir. 1993); Fed. R. Civ. P. 23(C)(2); Manual for Complex Litig. (4th), § 21.312.

### E.    The Proposed Award of Attorneys' Fees and Response of the Class

As of the date of the filing of this motion, a total of zero objections to the final settlement have been filed with the Court and zero valid opt outs have been received by CPT Group.  (Nicodemus Decl. ¶¶ 10 - 12). A low opt-out rate suggests the support of Class Members and counsels in favor of approval.  *See Nat'l Coal. of Associations of 7-Eleven Franchisees v. Southland Corp.*, 210 F.3d 384 (9th Cir. 2000) (finding that 19 opts outs at a .6% opt-out rate suggests "that the settlement was a favorable one"); *see also Spann v. J.C. Penney Corp.,* 211 F. Supp. 3d 1244, 1258 (C.D. Cal. 2016)  (finding that an exclusion rate of 0.14% weighed in favor of final approval); *Barcia v. Contain-A-Way*, Inc., No. 07CV938-IEG-JMA, 2009 WL 587844, at *4 (S.D. Cal. Mar. 6, 2009) (finding 56 opt-outs at a rate of less than 2% of the class weighed in favor of final approval).

Here, where no one objected or opted out, the reaction of the Class even more strongly favors approval of the settlement.

Plaintiffs address the reasonableness of their request for fees and costs in the Motion for Final Approval of Attorneys' Fees, Costs, and Class Representative's Service Awards.  In such motion, Plaintiffs have requested final Court approval fees in the amount of $166,500.00; payment to Class Counsel of litigation costs in the amount of $_____; a service payment of $15,000.00 for Plaintiff Esme Munoz.  The Class has not objected to the Settlement after receiving notice of the amount of fees and costs to be sought by Class Counsel. (Nicodemus Decl. ¶¶ 10 - 12).  Thus, the reaction of the Class supports the requested amounts.

In sum, the final approval factors indicate that the Settlement is fair, reasonable,

and adequate. The Settlement is in the best interests of the named Plaintiffs and members of the Class and is consistent and in compliance with all requirements of due process and federal law. As was the case at Preliminary Approval and continues to be now, the Settlement is fair, reasonable, and adequate, the result of arm's-length negotiations between experienced counsel representing the interests of the named Plaintiff, members of the Class, and the Defendants, and is not the product of collusion, fraud, or tortious conduct. The parties have ensured full compliance with the Court's Preliminary Approval Order and other Orders relating to this Settlement. The class reaction has been overwhelmingly favorable. For these reasons, Plaintiffs urge the Court to grant the Motion for Final Approval and enter the proposed order submitted herewith.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court Grant final approval of the Settlement upon the terms and conditions set forth in the Settlement Agreement; finally certify, for settlement purposes only, the Settlement Class in this matter; find that the Notice distributed to the Class pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances and satisfied due process; approve the Gross Settlement Amount of $500,000.00; approve payment of attorneys' fees to Class counsel in the amount of $166,500.00; approve payment to Class Counsel of litigation costs in the amount of $6,017.35; approve a service payment of $15,000.00 for Plaintiff Esme Munoz; approve settlement of claims under the Private Attorney General Act in the amount of $40,000.00 with payment from that amount to the Labor and Workforce Development Agency in the amount of $30,000.00; approve payment to the Settlement Administrator, CPT Group, in the amount of $10,500.00; direct the parties to effectuate the Settlement according to the terms of the Settlement Agreement, including payment to Participating Class Members from the Gross Settlement Amount; and enter a Final Judgment consistent with the Court's Order granting final approval of the Settlement.

///

///

1    Dated:   October 30, 2024          Law Offices of Alejandro P Gutierrez Inc

2                                       By: *Alejandro P. Gutierrez*
                                        _____
3                                           Alejandro P. Gutierrez

4                                           Attorneys for Plaintiff ESME MUNOZ
                                            and the Settlement Class
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**